150

650 A.2d 874

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ronald BULL, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1994.

Decided Nov. 23, 1994.

Joseph J. Mittleman, Media, for the Com.

John G. McDougall, Media, for R. Bull.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

*ORDER*

PER CURIAM:

Order affirmed.

PAPADAKOS, J., files a dissenting opinion in which CASTILLE and MONTEMURO, JJ., join.

MONTEMURO, J., is sitting by designation.

PAPADAKOS, Justice, dissenting.

I am compelled to dissent to the entry of a Per Curiam Order of Affirmance of the Order and Opinion of the Superior Court because I fear that my colleagues are retrenching from the position they affirmed in *Commonwealth v. Means,* 531 Pa. 504, 614 A.2d 220 (1992), and *Commonwealth v. Chambers,*

528 Pa. 403, 598 A.2d 539 (1991). These cases involve the application of the knock and announce rule in the execution of a search warrant. We have repeatedly held that the knock and announce rule, as embodied in Rule 2007 of the Pennsylvania Rules of Criminal Procedure, requires the police, when executing a warrant, to knock, announce their presence and reason for being there, and give the occupants a reasonable period of time to respond before the police are justified in making a forced entry.

There is now a serious discrepancy in the interpretation of our case law on the subject of knock and announce and it behooves this court to clarify same with an opinion. Are *Means* and *Chambers* correct or is the Superior Court panel correct in *Grubb*, infra?

In *Means* and *Chambers*, we reiterated the rule and listed exceptions, one of which states that "the police have reason to believe that evidence is about to be destroyed". This does not mean that the police must have reason to believe that evidence is, in fact, being destroyed at the very moment they are knocking on the door. The Superior Court has so held in *Commonwealth v. Grubb*, 407 Pa.Superior Ct. 78, 595 A.2d 133 (1991):

> While there is no constitutional requirement that police afford suspects a reasonable opportunity to destroy evidence, it is only when police have reason to believe the evidence *is being destroyed* while they wait outside the door that they may forcibly enter the premises. (Emphasis added).

The Superior Court then muddies the waters by continuing:

> In the case *sub judice*, there is no showing the police believed destruction of the evidence *was imminent*, ... (Emphasis added).

407 Pa.Superior Ct. at 83, 595 A.2d at 135.

In the case *sub judice*, the Superior Court apparently realized the temporal inconsistency in *Grubb* and stated its new exception to the Rule as follows:

To establish that exigent circumstances existed in this instance, the Commonwealth must demonstrate that the police had reason to believe that appellant was destroying evidence at the time of the announcement. *Grubb*, 407 Pa.Super. at 83, 595 A.2d at 135. A mere presumption that the evidence would be destroyed is not enough. *See, id.* at 84–85, 595 A.2d at 136 (citations omitted). ("[T]here must be more than the presumption that the evidence would be destroyed merely because it could be easily accomplished.... The fact that evidence *may be* destroyed ... does not justify the suspension of the fourth amendment."). 422 Pa.Superior Ct. 67, 618 A.2d 1019, 1022 (1993).

In this case, the police had a history of this appellee successfully destroying evidence while they were knocking and announcing their identity. This second time around they were justified in believing that the defendant would attempt to destroy evidence while they waited a reasonable time for him to respond. Accordingly, I believe that the police have met the exception and were justified in making a forcible entry in executing the search warrant.

I believe that the Superior Court panels and my colleagues misperceive the true meaning of the exception when they deal in probabilities and use language such as "the evidence may be destroyed" if the police don't act quickly. The probability of destruction of evidence is evident in every drug case. That is not the test. The test is whether the police have a reasonable belief that the evidence *will be* destroyed in the next few seconds after their knock and announce. If the police can articulate the basis for their reasonable belief, then they have met the exception and may forcibly enter immediately upon knocking and announcing.

If the rule we announced in *Means* and *Chambers*, as expressed in Rule 2007, is to be abrogated and replaced with a new rule, this Court should do it affirmatively and not *sub silentio* in per curiam affirmances of lower court panels.

In my view, the evidence should not have been suppressed. Accordingly, I would reverse the Superior Court's order re-

manding for a new trial and reinstate the judgment of sentence.

CASTILLE and MONTEMURO, JJ., join this dissenting opinion.