534 A.2d 1054

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Joseph Stanley MORGAN, Appellee.**

Supreme Court of Pennsylvania.

Argued Nov. 12, 1987.

Decided Dec. 24, 1987.

Reargument Denied Feb. 2, 1988.

94

John A. Reilly, Dist. Atty., Media, Dennis C. McAndrews, Wayne, for appellant.

Michael P. Dignazio, Media, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

In this matter we are called upon to interpret the "knock and announce" rule as provided by Rule 2007 of the Pennsylvania Rules of Criminal Procedure. Rule 2007 provides, in relevant part:

> (a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.

On October 12, 1984, at or about noon, law enforcement authorities in Delaware County initiated the execution of a search warrant at 249 West Chelton Road, Parkside Borough, Delaware County, the address of appellee, Joseph Stanley Morgan. Two detectives in plain clothes approached the front door with the warrant and knocked on the screen door. The inner door was open. Appellee asked, "Who is it." One of the detectives, who observed appellee entering the living room from the kitchen at the rear of the house, called out "Joe," which is appellee's name, and appellee said, "Come on in." The detectives entered the premises, joined by five additional officers. Before beginning to search the premises, the detectives identified themselves as police officers, advised appellee that they had a search warrant, and read the search warrant to appellee. A search was conducted and police officers found and seized scales and bagging materials containing suspected methamphetamine residue, over $4,800.00 in U.S. currency, tally sheets of recorded transactions and a small amount of suspected methamphetamine. Appellee was arrested and charged with violations of the Controlled Substance, Drug, Device and Cosmetic Act. 35 Pa.C.S.A. § 780–101—§ 780–144.

Appellee filed omnibus pre-trial motions challenging the legality of the search and seeking to suppress the items seized during the execution of the search warrant. Appel-

lee's pre-trial motions were denied by the Court of Common Pleas of Delaware County following a suppression hearing, and appellee was convicted by a jury of knowingly or intentionally possessing a controlled substance (159 milligrams of methamphetamine) and possessing a controlled substance with intent to manufacture or deliver. The trial court granted appellee's post-trial motions for a new trial, finding that evidence seized pursuant to a search that violates Pa.R.Crim.P. Rule 2007 must be suppressed,[2] and that the police officers who executed the search warrant had violated Rule 2007. The trial court specifically found that appellee did not consent to the entry of the premises by police officers for purposes of executing a search warrant, and, by implication, the trial court found that the officers did not enter the premises by means of a ruse. A divided panel of Superior Court affirmed. *Commonwealth v. Morgan*, 353 Pa.Super. 463, 510 A.2d 754 (1986). We granted the Commonwealth's petition for allowance of appeal and we now reverse.

Our standard of review of an appeal from a suppression ruling is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are in error. *Commonwealth v. Whitney*, 511 Pa. 232, 512 A.2d 1152 (1986). As a matter of law, appellee's statement, "Come on in," cannot be construed as anything other than consent. This Court has held that a warrantless search and seizure conducted with the consent of the defendant is permissible under the law. *Commonwealth v. Gockley*, 411 Pa. 437, 192 A.2d 693 (1963). Surely, a consent to entry of premises by law enforcement authorities who are armed with a valid

**2.** We would note that in *Commonwealth v. Mason*, 507 Pa. 396, 406–07, 490 A.2d 421, 426 (1985), this Court stated:

[E]xclusion/suppression of evidence is not an appropriate remedy for every violation of the Pennsylvania Rules of Criminal Procedure concerning searches and seizures. It is only where the violation also implicates fundamental, constitutional concerns, is conducted in bad-faith or has substantially prejudiced the defendant that exclusion *may* be an appropriate remedy.

(emphasis in original).

search warrant, which would entitle them to forcibly enter the premises and conduct a search with or without the permission of the occupants under certain circumstances, is equally permissible. Hence, the trial court erred when it concluded that the entry was consentless.

■ "Generally, absent exigent circumstances, police must announce both their authority and purpose before forcible entry." *Commonwealth v. Stanley*, 498 Pa. 326, 334, 446 A.2d 583, 587 (1982); Rule 2007. The purpose of this "knock and announce" rule is to prevent violence and physical injury to the police and occupants, to protect an occupant's privacy expectation against unauthorized entry of persons unknown to him or her, and to prevent property damage resulting from forced entry. *Commonwealth v. McDonnell*, 512 Pa. 172, 516 A.2d 329, (1986).

■ Exceptions to the rule have developed on the basis of the reasonableness of the police officers' conduct in particular cases, and include the following: (1) the police need not engage in the futile gesture of announcing purpose when the occupants of the premises remain silent after repeated knocking and identification, *Commonwealth v. Stanley, supra;* (2) the police are virtually certain that the occupants of the premises already know their purpose, *Commonwealth v. Newman*, 429 Pa. 441, 240 A.2d 795 (1968); *Commonwealth v. Johnson*, 223 Pa.Super. 83, 289 A.2d 733 (1972); (3) the police have reason to believe that an announcement prior to entry would imperil their safety, *Commonwealth v. Stanley, supra;* and (4) the police have reason to believe that evidence is about to be destroyed, *Commonwealth v. Clemson*, 234 Pa.Super. 191, 338 A.2d 649 (1975). These exceptions to the "knock and announce" rule fulfill the purpose of the rule in that entry is accomplished with a minimum of danger to officers and occupants or damage to the premises.

The Delaware County detectives herein were invited by appellee to enter appellee's home in spite of the fact that appellee did not know who the officers were or why the officers were there. The entry was made without injury to

persons or property, hence the purpose of Rule 2007 in preventing violence to persons and damage to property was fulfilled. An announcement of purpose prior to entry under these circumstances to afford appellee the opportunity to surrender the premises peacefully would have been a "futile gesture" inasmuch as appellee had *already* surrendered the premises by his consent.

Accordingly, we reverse the order of Superior Court which affirmed the order of the Court of Common Pleas granting appellee's post-trial motions and ordering a new trial.