598 A.2d 539

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Cheryl Benita CHAMBERS, Appellee.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert W. CHAMBERS, Jr., Appellee.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Rebecca KIRKLAND, Appellee.**

Supreme Court of Pennsylvania.

Argued March 4, 1991.

Decided Oct. 28, 1991.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com.

Michael D. Sayles, Philadelphia, for Cheryl Benita Chambers.

Byrd R. Brown, Pittsburgh, for Robert W. Chambers.

Michael D. Foglia, Pittsburgh, for Rebecca Kirkland.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

These consolidated appeals raise the issue of whether the lower courts erred in holding that evidence seized during the search of a residence must be suppressed because of a violation of the "knock and announce" rule.

On February 16, 1987 at 1:03 p.m., four police officers from the Municipality of Penn Hills initiated the execution of a search warrant at the residence of Robert Chambers. The Appellees, Robert Chambers, Cheryl Chambers, and Rebecca Kirkland, were in the residence at that time, along with two other individuals. Two detectives went to the back of the house and the other detectives knocked at the front door.

Robert Chambers began to open the door. Simultaneously, the police officer pushed the door open, pushing Mr.

Chambers backwards. Having drawn his weapon before the door was opened, the police officer pointed the weapon at Mr. Chambers. He identified himself as an officer and stated that he had a search warrant for the premises. He told Mr. Chambers to "Get up against the wall and don't move."

The four detectives entered the premises with their weapons drawn. All of the people in the house were taken into the living room, searched, and advised of their rights. The officers then searched the premises. During the search, drugs and drug paraphernalia were seized and several statements were obtained from Mr. Chambers.

The Appellees were charged with possession with intent to deliver cocaine, possession of cocaine, possession of drug paraphernalia (except for Rebecca Kirkland), and criminal conspiracy. Omnibus pre-trial motions seeking, inter alia, to suppress the evidence obtained through the execution of the search warrant were filed by the Appellees. After a suppression hearing, the motion to suppress the evidence was granted by the Court of Common Pleas of Allegheny County.

The court suppressed the evidence on the basis that Rule 2007 of the Pennsylvania Rules of Criminal Procedure had been violated as a matter of law because the detectives did not properly announce their purpose and had simultaneously forced the door to the residence open while announcing their identity. No exigent circumstances justifying a forcible entry were demonstrated by the Commonwealth. The Superior Court affirmed, concluding that the evidence supported the court's finding that the police violated the knock and announce rule by failing to wait a reasonable period of time after announcing their identity before forcibly entering the premises. 385 Pa.Super. 605, 561 A.2d 1257. We granted the Commonwealth's petition for allowance of appeal and now affirm.

▪ The standard of review of an appeal from a suppression ruling is limited to determining whether the factual

findings are supported by the record and whether the legal conclusions drawn from those facts are in error. *Commonwealth v. Whitney*, 511 Pa. 232, 512 A.2d 1152 (1986). The Commonwealth concedes that the police actions in this case of forcibly entering the premises through a partially opened door simultaneously with the announcement of their identity and purpose was a violation of Rule 2007. The Commonwealth contends, however, that the suppression of the evidence was not the appropriate remedy for the violation of Rule 2007.

The "knock and announce" rule, embodied in Rule 2007, originated in the English common law and was adopted in the United States. Both our Court and the United States Supreme Court have held that the Fourth Amendment's prohibition against unreasonable searches and seizures applies to the manner of a warrant's execution. *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Commonwealth v. Newman*, 429 Pa. 441, 240 A.2d 795 (1968). Absent exigent circumstances, an announcement of both authority and purpose is required.

Rule 2007, the procedural rule that embodies the common law rule, states:

**RULE 2007. MANNER OF ENTRY INTO PREMISES**

(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.

(b) Such officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.

(c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search.

The purpose of the "knock and announce" rule is to prevent violence and physical injury to the police and occupants, to protect an occupant's privacy expectation against the unauthorized entry of unknown persons, and to prevent property damage resulting from forced entry. *Commonwealth v. Morgan*, 517 Pa. 93, 534 A.2d 1054 (1988), citing *Commonwealth v. McDonnell*, 512 Pa. 172, 516 A.2d 329 (1986). The purpose may be achieved only if the police officer awaits a response for a reasonable period of time after his announcement of identity, authority, and purpose.

The Commonwealth contends that the failure to await a response for a reasonable period of time should not result in the suppression of evidence. The Commonwealth argues that the suppression issue should focus on whether the action of the police reasonably worked to prevent mistaken resistance by Mr. Chambers. Suppression of evidence is not limited, however, only to instances in which violence, physical injury, and property damage have actually resulted from a violation of the "knock and announce" rule.

The rule is intended to protect individuals from searches and seizures that are unreasonable because of the manner of the execution of a warrant. Instances in which the police conduct complained of was found not to have defeated the purpose of the rule, include when:

1. the occupants of the premises remain silent after repeated knocking and identification;

2. the police are virtually certain that the occupants of the premises already know their purpose;

3. the police have reason to believe that an announcement prior to entry would imperil their safety; and

4. the police have reason to believe that evidence is about to be destroyed.

*Commonwealth v. Morgan*, 517 Pa. at 97, 534 A.2d at 1056. In each of those instances, the execution of the warrant was held to be valid not because the defendants failed to establish that the police conduct resulted in violence, physical

injury, or property damage, but because the police officers' conduct was reasonable under those circumstances.

No justification for the police officers' conduct exists in this case. The Appellees did not remain silent after the police officer knocked; nor does the record show that the Appellees knew of the officer's purpose. The police were neither concerned for their safety nor concerned that evidence was about to be destroyed.

We are not persuaded by the Commonwealth's argument that suppression of the evidence was unnecessary based upon *Commonwealth v. Morgan,* 517 Pa. 93, 534 A.2d 1054 (1987), *Commonwealth v. McDonnell,* 512 Pa. 172, 516 A.2d 329 (1986), and *Commonwealth v. Balliet,* 374 Pa.Super. 235, 542 A.2d 1000 (1988). In *Morgan,* we held that the police detectives were not required to comply with the "knock and announce" rule prior to executing a search warrant because the defendant had surrendered the premises by his consent to the entry of the officers. We concluded that an announcement of purpose prior to entry under those circumstances to give the defendant an opportunity to surrender the premises peacefully would have been futile because the premises had already been surrendered by consent.

Similarly, we found that the rule was not violated in *McDonnell* by the police officers' actions of opening the unlocked door of an enclosed front porch because the defendant consented to the officers' entry after they had knocked on the door to the house and identified themselves and their purpose. The officers' entry into the front porch was intended to announce their presence and purpose, rather than to begin a search. No force was used in the entry. The officers did not enter the interior of the house without the permission of the defendant.

In this case, however, consent was not given by Mr. Chambers. The testimony of the police officer demonstrates that Mr. Chambers never had an opportunity to give his consent and to voluntarily admit the officers to his

premises. The officers immediately entered the premises, forcibly propelling Mr. Chambers backwards on entry.

The Superior Court's decision in *Balliet* is also distinguishable from this case because a period of five minutes had elapsed before the police officers forcibly entered the defendant's apartment. The police officers had knocked and identified themselves. No response was forthcoming because the apartment was not occupied at the time. The officers discussed what action should be taken and decided to enter forcibly by kicking the front door open. The defendant arrived at the apartment shortly before the search was completed.

The forcible entry in this case was completely unwarranted. The police officers' failure to wait for any period of time before entering the premises to execute the warrant violated the "knock and announce" rule. The execution of the warrant in such a manner was unreasonable under these circumstances.

■ The Commonwealth argues that the evidence should not be suppressed because exclusion of evidence is not automatically warranted for a violation of Rule 2007. While the exclusion of evidence will not be automatically applied as a remedy for every violation of the Pennsylvania Rules of Criminal Procedure concerning searches and seizures, exclusion of evidence may be appropriate where the violation "implicates fundamental, constitutional concerns, is conducted in bad faith or has substantially prejudiced the defendant." *Commonwealth v. Mason*, 507. Pa. 396, 406–407, 490 A.2d 421, 426 (1985); *Commonwealth v. Morgan*, 517 Pa. 93, 96, n. 2, 534 A.2d 1054, 1056, n. 2. The fundamental, constitutional concern implicated by the police officers' failure to comply with the "knock and announce" rule is the prohibition against unreasonable searches and seizures under Article I, § 8 of the Pennsylvania Constitution.

As we stated earlier, the prohibition against unreasonable searches and seizures applies to the manner of the execu-

tion of a warrant. Rule 2007 is a procedural formulation of the common law rule requiring an officer to state his identity and purpose, but its genesis lies in this constitutional prohibition. The warrant was executed in an unreasonable manner in this case.

■ We hold that the forcible entry without waiting a reasonable amount of time under the circumstances of this case violated Article I, § 8 of the Pennsylvania Constitution. Exclusion of evidence is the appropriate remedy for this violation. "A search is not to be made legal by what it turns up. In law it is good or bad when it starts and does not change character from what is dug up subsequently." *Commonwealth v. Newman*, 429 Pa. 441, 449, 240 A.2d 795, 799 (1968), citing *United States v. Di Re*, 332 U.S. 581, 595, 68 S.Ct. 222, 229, 92 L.Ed. 210 (1948). The order of the Superior Court is affirmed.

LARSEN, J., concurs in the result.

McDERMOTT, J., files a dissenting opinion in which PAPADAKOS, J., joins.

McDERMOTT, Justice, dissenting.

In the instant case the police arrived at appellees' apartment with a validly issued warrant, knocked on the door, and waited for one of the inhabitants to open the door. They then went into the apartment without being invited, announcing as they went the purpose of their obvious unwelcomed visit. If I understand the majority opinion, the fruits of this search would be admissible if the police had announced their purpose and then walked in, as opposed to the other way around. Granted the former would have been better practice, but the issue is whether suppression is the right remedy for the relatively minor error of taking certain steps out of sequence.

To my mind any constitutional concerns were amply protected by the obtainment of a valid warrant. Consequently, what occurred here was a violation of a rule of criminal procedure; and we have previously held that a mere techni-

cal violation of a rule will not automatically trigger the draconian remedy of suppression. *Commonwealth v. Mason*, 507 Pa. 396, 406–407, 490 A.2d 421, 426 (1985). Under the facts of this case, I would not suppress the fruits of this search. Therefore, I dissent.

PAPADAKOS, J., joins in this dissenting opinion.