614 A.2d 220

COMMONWEALTH of Pennsylvania, Appellee,

v.

Thomas E. MEANS, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 26, 1991.

Decided Sept. 16, 1992.

David S. Shrager, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Edward Marcus Clark, Asst. Dist. Atty., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

NIX, Chief Justice.

On October 19, 1988, Pittsburgh police detectives obtained a search warrant based on information obtained from an informant. The informant stated that he had purchased one-half gram of cocaine from the premises located at 2154 Wylie Avenue, 2nd floor, Pittsburgh, Pennsylvania on two separate occasions. At approximately 5:30 p.m., the police appeared at the premises with a search warrant indicating that the cocaine and all items used to distribute the narcotic were to be seized.

The police knocked, waiting an unspecified amount of time, and then knocked again and announced that they were police officers. *They waited approximately five to ten seconds and*

*then forcibly entered the premises occupied by the Appellant.* They discovered over one pound of marijuana, $6,046.00 in cash, several baggies, baggie corners, painters' masks, three scales, balloons, and two handguns. No cocaine was found on the premises. The Appellant was found guilty of possession of marijuana, possession of marijuana with intent to deliver, and possession of paraphernalia, in violation of the Controlled Substance, Drug, Device and Cosmetic Act,[1] following a non-jury trial. He was sentenced to an aggregated term of one to two years.

The appellant appealed the denial of pre-trial and post-trial motions to the Superior Court. The Superior Court panel affirmed the trial court and held, *inter alia,* that a five to ten-second delay after the police knock and announce their identities and purpose and before the police forcibly enter appellant's home is reasonable under Rule 2007 of the Pennsylvania Rules of Criminal Procedure. 397 Pa.Super. 643, 571 A.2d 503 (1989).

We granted limited allocatur to consider the issue of whether a five to ten-second delay after the police knock and announce their presence and purpose was reasonable under Rule 2007 of the Rules of Criminal Procedure where the police have stipulated that no exigent circumstances existed. 525 Pa. 643, 581 A.2d 570 (1990). For the reasons that follow, we are constrained to conclude that the search violated Rule 2007 and that the fruits of that search must be suppressed.

There are a number of cases in the Commonwealth which address the knock and announce rule, but the case which most closely parallels this case is *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968). In *Newman,* this Court held that the police announcing themselves and after 20 seconds forcibly opening the door violated the Fourth Amendment. *Id.* As a result of that holding, Rule 2007 was promulgated which set forth the following procedures to be followed by police officers when executing a search warrant:

**Rule 2007. Manner of Entry Into Premises**

1. 35 P.S. § 780–113(a)(16), (30), and (32) ("Prohibited acts; penalties").

(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.

(b) Such officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.

(c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search.

Pa.R.Crim.P. Rule 2007.

This rule has been repeatedly recognized by this Court as having a constitutional predicate to prevent unreasonable searches and seizures.

The "knock and announce" rule's origins pre-date the United States Constitution. It was born in English Common Law and was subsequently adopted in America. In recent times, the "knock and announce" rule has assumed a Constitutional dimension. Both our Court and the United States Supreme Court have held that the Fourth Amendment prohibition against unreasonable searches and seizures applies to the manner of a warrant's execution.

*Commonwealth v. McDonnell,* 512 Pa. 172, 176, 516 A.2d 329, 330–31 (1986). *See Commonwealth v. Chambers,* 528 Pa. 403, 407, 598 A.2d 539, 540 (1991); *Commonwealth v. Morgan,* 517 Pa. 93, 534 A.2d 1054 (1987). The Superior Court, however, has inconsistently dealt with the issue of whether the five to ten-second delay after knocking and announcing is a reasonable amount of time under Rule 2007. *Compare Commonwealth v. McDonel,* 411 Pa.Super. 187, 601 A.2d 302 (1991).[2]

**2.** In Commonwealth v. McDonel, "only five to ten seconds passed between the officer's announcement of their identity and purpose and their forced entry". 411 Pa.Super. 187, 197, 601 A.2d 302, 307 (1991). The Superior Court reasoned:

■ This Court has recognized four exceptions to the requirement of the knock and announce rule:

1) the occupants remain silent after repeated knocking and announcing;

2) the police are virtually certain that the occupants of the premises already know their purpose;

3) the police have reason to believe that an announcement prior to entry would emperil their safety; and

4) the police have reason to believe that evidence is about to be destroyed.

*Commonwealth v. Chambers*, 528 Pa. 403, 408, 598 A.2d 539, 541 (1991). None of these exceptions have been alleged in this case. A five to ten-second delay is not a reasonable time for an occupant to respond to police officers' knocking and announcing their purpose. Therefore, the police officers in this case violated Rule 2007 of the Rules of Criminal Procedure when they forcibly entered the Appellant's home.

Having determined that the procedures employed herein violated the dictates of Rule 2007, we must now determine whether suppression of the evidence seized pursuant to the search warrant is the appropriate remedy. As we stated in *Commonwealth v. Chambers:*

While the exclusion of evidence will not be automatically applied as a remedy for every violation of the Pennsylvania Rules of Criminal Procedure concerning searches and seizures, exclusion of evidence may be appropriate where the violation 'implicates fundamental constitutional concerns, is conducted in bad faith or has substantially prejudiced the defendant.' The fundamental constitutional concern impli-

Certainly the police did not afford appellant the opportunity to surrender the premises peacefully. Further, the Commonwealth cannot point to a single fact which the police observed during execution of the warrant which would indicate that exigent circumstances existed or that appellant would refuse to surrender the premises.... Since such exigent circumstances did not exist and the police did not wait a reasonable period of time before smashing in appellant's door, we find that the execution of the search warrant was unreasonable and therefore was unconstitutional.

*Id.* The Superior Court held that suppression was the appropriate remedy and granted the defendant a new trial. *Id.*

cated by the police officers' failure to comply with the "knock and announce" rule is the prohibition against unreasonable searches and seizures under Article I, § 8 of the Pennsylvania Constitution.

528 Pa. 403, 410, 598 A.2d 539, 542 (1991) (*quoting Commonwealth v. Mason,* 507 Pa. 396, 406–07, 490 A.2d 421, 426 (1985)).

■ As we held in *Chambers,* Rule 2007 in particular implicates the fundamental constitutional concern of the prohibition against unreasonable searches and seizures. Therefore, a finding that the police's deliberate execution of a search warrant violated Rule 2007 dictates the conclusion that the fruits of the unlawful search should have been suppressed.

Accordingly, the Order of the Superior Court is reversed, the judgment of sentence is vacated, and the appellant is granted a new trial.

LARSEN, J., concurs in the result.

PAPADAKOS, J., files a dissenting opinion.

PAPADAKOS, Justice, dissenting.

The purpose of the "knock and announce" rule is to permit a peaceful apprehension of the person and premises before applying force. *Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1971). The Fourth Amendment, however, must be applied under a standard of reasonableness. *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982).

Drug busts are so inherently exigent as to product and dangerous as to the authorities that the police, once armed with a proper warrant, should be allowed to knock, announce and enter almost immediately. The reasonableness requirement should play in favor of the authorities because any delay enables drug pushers to dispose of evidence by flushing or similar means. The term "exigency" takes on a whole new meaning in reference to drug cases. Finally, the "Fourth Amendment cannot be interpreted to imperil law enforcement

510

officers." *Stanley*, 498 Pa. at 335, 446 A.2d at 587. To draw the kind of time line proposed by the majority would do just that.