## Commonwealth v. Johnson

*W. Andrew Worthington,* assistant district attorney, for the Commonwealth.
*Michael R. Muth,* for defendant.

MILLER, *J.,* April 28, 1993—On or about December 17, 1992, at approximately 11:30 p.m., three Borough of Stroudsburg police officers, accompanied by a Stroud Township police officer, went to the residence of the defendant herein, Shadeque Johnson, to execute a search warrant. Officer Greene was in full uniform. Officers Mikowski, Kimmins and Bortz were in plain clothes. Officer Greene knocked on defendant's door to gain entry. A voice from inside asked "Who?" Officer Greene responded "Chris." The voice inside once again asked "Who?" Officer Greene once again answered "Chris." Another voice inside was then heard to say "Chris, open the door."

At that time, co-defendant, Ralph R. McNeill, opened the door, saw the police officer in uniform and immediately tried to close the door. Officer Greene then shouted "Police, search warrant" and pushed open the door before McNeill was able to close it fully.

Once in the apartment, the police found the defendant as well as Ralph R. McNeill, and after searching the premises discovered numerous bags of cocaine as well as drug paraphernalia commonly used in the packaging and delivery of cocaine, and numerous other items including U.S. currency, $60 of which were marked bills which had been used by the same policemen earlier that evening to make a controlled buy by an informant in this same apartment from the two occupants.

Defendant has filed an omnibus pretrial motion which includes a motion to suppress based on an illegal search, a motion to suppress the search warrant alleging a deficient affidavit, and a motion to suppress for illegality of arrest.

Defendant argues that this case squarely fits into the cases of *Commonwealth v. Chambers,* 528 Pa. 403, 598 A.2d 539 (1991) and *Commonwealth v. Means,* 531 Pa. 504, 614 A.2d 220 (1992). Both of these cases involve the necessity of the police waiting a sufficient length of time before entering the premises when executing a search warrant after they have announced their authority and purpose.

After reviewing these cases, we believe the defendant's reliance on them is misplaced.

This court is of the opinion that the cases of *Commonwealth v. Regan,* 254 Pa. Super. 555, 386 A.2d 89 (1978); *Commonwealth v. McCarthy,* 257 Pa. Super. 42, 390 A.2d 236 (1978), and most recently the case of *Commonwealth v. Ceriani,* 411 Pa. Super. 96, 600 A.2d 1282 (1991) are the controlling cases in this matter and must be read along with *Chambers, supra.*

In this case, the police used a ruse in order to get the defendant to open the door, specifically the name "Chris," which they had been told would be familiar to the defendant. The ruse worked, and the door opened. However, after opening the door and seeing the officer in uniform, McNeill immediately tried to close the door. It was at that point that the officers announced their purpose

and authority and pushed open the door. We believe that the attempt to close the door and evade the police and the search warrant qualify as exigent circumstances as set out in *Chambers* which would not require the police to wait more than five to ten seconds before making forcible entry.

Defendant has also raised a technical argument in reference to the affidavit attached to the search warrant. While the court admits that this was a somewhat confusing part of the omnibus hearing, the testimony of District Justice Anthony Mangan was able to clear the confusion and the record now in front of the court is complete, and the original search warrant as well as attachments including the proper affidavits are in the record. While we do not condone sloppiness on the part of the Commonwealth, we cannot say as a matter of law that the mix-up of copying and stapling the affidavits and warrants is a violation of defendant's constitutional rights. Nor do we find a violation of defendant's rights in that the police opted to obtain a search warrant prior to obtaining an arrest warrant of the defendant.

Defendant also asks us to suppress a statement made by him in which he stated, "Excuse me, I smoke that stuff."

Officer Kimmins testified at the hearing that this was made gratuitously to the officers while they were involved in conversation on another matter. The statement was not made in response to any questions asked by the police and it is irrelevant whether or not the defendant was in custody or considered under arrest at the time.

For the reasons above cited, we enter the following

## ORDER

And now, April 28, 1993, after a hearing in this matter, the defendant's motion for omnibus pretrial relief is denied.