COMMONWEALTH of Pennsylvania,

v.

**Darryl DEAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 4, 1997.

Filed April 16, 1997.

Barbara A. Zemlock, Assistant Public Defender, Harrisburg, for appellant.

Eric R. Augustine, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, and POPOVICH and HESTER, JJ.

CIRILLO, President Judge Emeritus:

Darryl Dean appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County. We affirm.

On June 30, 1995, at 11:25 a.m., officers from the Harrisburg Police Department and an agent from the Attorney General's Office executed a search warrant at 630 1/2 Radnor Street in Harrisburg. The basis for the warrant was information supplied by a confidential informant who had purchased cocaine from appellant at his residence. Additionally, the warrant averred that appellant possessed a handgun as well as acid for the purpose of destroying narcotics, should the situation present itself.

Upon arrival at appellant's house, the officers knocked on the front door of the residence and announced their presence. After waiting a brief period of time without a response, the officers, using a battering ram, forcibly entered the residence. Once inside, the officers observed appellant sitting in a

reclining chair in the living room, ten feet from the front door. A young female was also seen running up the stairs to the second floor. The officers proceeded to search the premises and uncovered approximately twelve (12) grams of rock cocaine (crack) as well as various narcotics paraphernalia including an electronic scale, a police scanner, several clear plastic baggies, and razor blades. The officers also seized a loaded handgun. Appellant was arrested and charged with possession with intent to manufacture or deliver a controlled substance, and unlawful possession of narcotics paraphernalia.

Prior to trial, appellant filed a motion to suppress the evidence seized during the search. Appellant contended that the search warrant was not supported by probable cause and that the police failed to wait a reasonable period of time before entering appellant's residence. This motion was denied. A jury trial ensued after which appellant was found guilty of both charges and sentenced to an aggregate sentence of two and one-half to ten years imprisonment. Post-trial motions were filed and denied. This appeal followed. Appellant raises the following issues for our consideration:

1. WHERE POLICE OFFICERS KNOCK AND ANNOUNCE THEIR PRESENCE ONLY ONE TIME IN CONNECTION WITH THE EXECUTION OF A SEARCH WARRANT AND WAIT A MERE TEN TO FIFTEEN SECONDS BEFORE USING A BATTERING RAM TO BREAK–DOWN [sic] THE DOOR TO THE HOME, IS SUCH ENTRY UNREASONABLE AND IN VIOLATION OF THE INDIVIDUAL'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES, AS GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I § 8 OF THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA AND PENNSYLVANIA RULE OF CRIMINAL PROCEDURE 2007?

2. WHERE AN AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT CONTAINS ONLY A VAGUE ASSERTION BY A CONFIDENTIAL INFORMANT THAT A CERTAIN INDIVIDUAL IS SELLING DRUGS WITHOUT SETTING FORTH THE BASIS OF THE CONFIDENTIAL INFORMANT'S KNOWLEDGE AND WITHOUT PROVIDING ANY INFORMATION CONCERNING THE CONFIDENTIAL INFORMANT'S RELIABILITY, AND WHERE ALLEGATIONS CONCERNING A PURPORTED CONTROLLED BUY ARE VAGUE, AMBIGUOUS, INCOMPLETE AND NOTHING BUT BOILERPLATE, DOES THE AFFIDAVIT FAIL TO PROVIDE PROBABLE CAUSE FOR THE ISSUANCE OF THE SEARCH WARRANT?

3. WHERE THE PROSECUTION ELICITS TESTIMONY THAT A HANDGUN WAS FOUND IN A HOME WHICH WAS BEING SEARCHED PURSUANT TO A WARRANT FOR CONTROLLED SUBSTANCES, WHERE THE INDIVIDUAL WHO OWNS THE GUN IS NOT CHARGED WITH A WEAPONS VIOLATION AND WHERE THE TESTIMONY CONCERNING THE GUN HAS ABSOLUTELY NO RELEVANCE TO ANY ISSUE IN THE CASE IS COUNSEL INEFFECTIVE FOR FAILING TO OBJECT TO SUCH TESTIMONY?

Our standard of review of an appeal from a suppression ruling is limited to determining whether the findings of fact are supported by the record and whether the legal conclusions drawn from those facts are free from error. *Commonwealth v. Crompton,* 545 Pa. 586, 591, 682 A.2d 286, 288 (1996); *Commonwealth v. Chambers,* 528 Pa. 403, 598 A.2d 539 (1991).

Appellant first contests the manner in which the search warrant was executed. Specifically appellant complains that the officers failed to satisfy the constitutional safeguards of Pa.R.Crim.P.2007, because they did not wait a reasonable period of time after

knocking and announcing their presence prior to forcibly entering his residence. *See* Pa.R.Crim.P.2007, 42 Pa.C.S.A.[1]

■ An officer executing a warrant generally must knock and identify himself and wait for a response for a reasonable amount of time prior to forcibly entering the premises. Pa.R.Crim.P.2007, 42 Pa.C.S.A.; *Commonwealth v. Crompton, supra.* This is the well-known "knock and announce" rule. *Id.* The knock and announce rule protects the occupant's privacy expectation against unauthorized entry of unknown persons as well as prevents violence and physical injury to both the police and the occupants of the premises to be searched. *Commonwealth v. McDonnell,* 512 Pa. 172, 516 A.2d 329 (1986). In determining whether the police properly complied with the knock and announce rule, a court must consider the amount of time the police wait after knocking and announcing prior to gaining entry, as well as the circumstances observed upon announcement. *See Commonwealth v. Parsons,* 391 Pa.Super. 273, 570 A.2d 1328 (1990) (two announcements of presence coupled with a 45 second wait prior to entry by officers, where sounds of movement were heard inside residence was sufficient to satisfy the knock and announce rule); *Commonwealth v. Burstin,* 259 Pa.Super. 584, 393 A.2d 979 (1978) (police who waited twenty seconds after knocking and announcing during which time they heard television and telephone conversations prior to gaining entry was reasonable under the knock and announce rule). *Cf. Commonwealth v. Means,* 531 Pa. 504, 614 A.2d 220 (1992) (forcible entry after waiting five to ten seconds after knocking and announcing was unreasonable); *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968) (forcible entry following twenty seconds of silence after knocking and announcing was unreasonable); *Commonwealth v. Douventzidis,* 451 Pa.Super. 280, 679 A.2d 795 (1996) (knocking only once and waiting only ten to fifteen seconds before entry was unreasonable); *Commonwealth v. Rudisill,* 424 Pa.Super. 313, 622 A.2d 397 (1993) (knocking and waiting fifteen seconds prior to entry was unreasonable).

Moreover, if exigent circumstances exist, an officer may enter a premises without complying with the knock and announce rule. Pa.R.Crim.P.2007. Our supreme court has identified four such exigent circumstances:

1. the occupants remain silent after repeated knocking and announcing;

2. the police are virtually certain that the occupants of the premises already know their purpose;

3. the police have reason to believe that an announcement prior to entry would imperil their safety; and

4. the police have reason to believe that evidence is about to be destroyed.

*Commonwealth v. Means,* 531 Pa. 504, 508, 614 A.2d 220, 222–23 (1992).

■ Because the record indicates that the officers knocked and announced their presence and then waited only a very short time prior to gaining entry, without observing any movement inside the residence or hearing any sounds, the officers appear to have facially violated the knock and announce rule. The Commonwealth contends, however, that there were exigent circumstances justifying

1. Rule 2007 provides:
 (a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.
 (b) Such officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.
 (c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search.
 Pa.R.Crim.P.2007, 42 Pa.C.S.A.

the officers' actions.[2] Specifically, the Commonwealth explains that the police had reason to believe that appellant had a handgun in his possession as well as acid to dispose of the narcotics should the need present itself. Because of these two circumstances, the Commonwealth contends, that the police were justified in departing from the knock and announce rule. At the suppression hearing Detective Kelso testified that he was informed that appellant kept a gun in his house for protection. Detective Jackson testified that an informant who had made a controlled buy from appellant less than 48 hours prior to the execution of the search warrant saw a handgun in the premises while making the purchase. Both detectives explained that they believed that the appellant was armed and for that reason they did not want to wait outside his door for a prolonged period of time, since they feared for their safety.

We conclude that the officers were justified in departing from the knock and announce rule, because they had specific and articulable reason to believe that they were in peril. *See Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982) (police entitled to depart from knock and announce rule where an individual informed them that he saw suspect with a gun approximately one hour prior to execution of search warrant); *Commonwealth v. Norris,* 498 Pa. 308, 446 A.2d 246 (1982) (forcible entry by police after announcement of authority but without an express announcement of purpose was justified, because alleged victim of crime had informed them that the suspect was carrying a knife); *Commonwealth v. Feflie,* 398 Pa.Super. 622, 581 A.2d 636 (1990) (police entertained reasonable belief that suspect was armed, since offense had been committed with a handgun three days prior to execution of warrant, thus they could depart from the knock and announce rule). Presently, the police had been informed by a reliable source that appellant possessed a

gun. Under the circumstances, by announcing their identity at all they could have been setting themselves up for an ambush. Thus, by entering shortly after their announcement, they decreased the opportunity for appellant to prepare for their arrival. Where there is a real and particularized threat of violence, we will not hold an individual's privacy rights above the well-being of police officers. *See Stanley,* 498 Pa. at 333–35, 446 A.2d at 587 ("The Fourth Amendment cannot be interpreted to imperil law enforcement officers.").

Appellant relies heavily upon our decision in *Commonwealth v. Grubb,* 407 Pa.Super. 78, 595 A.2d 133 (1991), to support his assertion that the Commonwealth has not proven that exigent circumstances did exist. In *Grubb,* however, the Commonwealth offered no specific evidence that supported the officers' belief that the defendant was dangerous. *Grubb,* 407 Pa.Super. at 83–84, 595 A.2d at 135–36. The Commonwealth argued that because the officers were executing a warrant on a suspected narcotics dealer that exigent circumstances should be presumed. In refusing to so hold, we stated:

> [T]o accept the Commonwealth's argument is to recognize a presumption whereby exigent circumstances sufficient to do away with the knock and announce rule would exist any time a search for drugs is conducted. We would, in effect, be taking notice of the fact that drug dealers customarily carry weapons and therefore any search of a suspected dealer's operating base would necessarily endanger the investigating officers.

*Id. Accord Commonwealth v. McDonel,* 411 Pa.Super. 187, 601 A.2d 302 (1991).

In the present case, however, the Commonwealth is not asking us to sanction a "drug dealer" exception to the knock and announce rule. Nor is the present case one in which the police rely on vague or stale

---

**2.** At the suppression hearing one officer, Steve Blasko, testified that the police waited between ten and fifteen seconds after announcing themselves prior to gaining entry. Detective William Jackson, testified that the police waited "... a few seconds, 10 to 15, 20 seconds ..." after announcing their presence prior to gaining entry.

information concerning the dangerousness of appellant. *Cf. Commonwealth v. McDonel, supra* (information that suspect pleaded guilty to possession of an unlicensed weapon some two years prior did not justify dispensing of the knock and announce rule). Here, the police were given reliable information that appellant possessed a gun by a confidential informant who had been in appellant's house less than two days prior to the execution of the warrant. This is specific and articulable information which would justify dispensing with the knock and announce rule. *Stanley, supra; Norris, supra; Feflie, supra.* Accordingly, the suppression court did not err in denying appellant's motion to suppress.

■ Appellant next claims that the search warrant used to gain entry to his residence was not supported by probable cause. Appellant contends that an affidavit containing only vague assertions by a confidential informant without setting forth the basis for the informant's knowledge and without providing for that informant's reliability is violative of the Fourth Amendment of the U.S. Constitution as well as Article I, § 8 of the Pennsylvania Constitution.

The legal principles applicable to a review of the sufficiency of probable cause affidavits are well-settled. Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The standard for evaluating whether probable cause exists for the issuance of a search warrant is the "totality of the circumstances" test as set forth in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and adopted by our supreme court in *Commonwealth v. Gray,* 509 Pa. 476, 484, 503 A.2d 921, 925 (1985).[3] A magistrate is to make a "practical, common sense decision, whether, given all the circumstances set forth in the affidavit before him,

including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Commonwealth v. Jones,* 542 Pa. 418, 424, 668 A.2d 114, 117 (1995) *quoting Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332–33. The information offered to establish probable cause must be viewed in a common sense, non-technical manner. *Commonwealth v. Luton,* 448 Pa.Super. 608, 612, 672 A.2d 819, 821 (1996) *(citing Commonwealth v. Baker,* 532 Pa. 121, 126–27, 615 A.2d 23, 25 (1992)). Probable cause is based on a finding of the probability, not a **prima facie** showing of criminal activity, and deference is to be accorded a magistrate's finding of probable cause. *Id.*

The affidavit at issue provided the following information: a confidential informant informed police that appellant was selling drugs from his home; based upon this information the Harrisburg police requested that this informant conduct a controlled buy of narcotics from appellant to which the informant agreed; officers searched the informant prior to conducting the controlled buy; officers observed the informant enter appellant's residence; the informant provided serialized currency in exchange for a white powdery substance; a field test was conducted which revealed that the substance was cocaine; and after completing the purchase, officers again searched the informant and failed to find the serialized currency which had been given to him. The controlled buy was conducted less than 48 hours prior to Detective Jackson's application for a warrant to search appellant's residence.

Appellant contends that the probable cause affidavit of Detective Jackson does not provide any information which describes the basis for his informant's knowledge that appellant was selling narcotics from his home. Additionally, appellant asserts that the affidavit is devoid of any facts which would tend to demonstrate the informant's reliability.

---

**3.** Accordingly, we analyze the sufficiency of a probable cause affidavit under the Fourth Amendment of the U.S. Constitution and Article

I, section 8 of the Constitution in the same manner. *See Commonwealth v. Gray, supra.*

Because the affidavit contains neither indicia of reliability nor basis of knowledge, appellant argues that the magistrate erred in finding that the police had probable cause to search his residence. Appellant's contentions are misplaced.

We again emphasize that probable cause is to be determined based upon the totality of the circumstances. *See Gates, supra.* "The totality of the circumstances test was adopted to do away with rigid, precise determinations of probable cause." *Jones,* 542 Pa. at 424–26, 668 A.2d at 117. In the present case, the informant told detective Jackson that he knew appellant was selling drugs from his home because he had been inside appellant's residence and purchased drugs from him in the past.[4] In response to this information, the police conducted a controlled buy which corroborated the initial information within 48 hours of the search. Under the circumstances presented in the present case, a magistrate could have concluded by a fair probability that drug selling was taking place at appellant's residence. *See Commonwealth v. Baker,* 532 Pa. 121, 615 A.2d 23 (1992) (facts sufficient to establish probable cause for issuance of search warrant where informant's information implicating defendant as seller was corroborated by police officer's first-hand observations when he gave informant money to purchase cocaine and saw informant enter residence and return from residence with cocaine); *Luton, supra* (police-conducted "controlled buy" sufficiently corroborated neighbors' observations alleging drug operations from defendant's home); *Commonwealth v. Johnson,* 358 Pa.Super. 435, 517 A.2d 1311 (1986) (finding an abundance of probable cause where a controlled buy was conducted within 48 hours of the execution of the search wherein defendant left residence and met with informant who returned to police with drugs).

■ Lastly, appellant contends that his trial counsel was ineffective for failing to object to Detective Blasko's testimony concerning the discovery of a handgun inside appellant's residence during the search. Appellant complains that because he was not charged with any weapons violations that this testimony and the admission of the handgun into evidence was extremely prejudicial. The Commonwealth argues, however, that testimony concerning the gun found in appellant's residence was admissible to prove appellant's intent to manufacture or deliver cocaine.

Our standard of review when evaluating a claim of ineffective assistance of counsel is well settled. We presume that trial counsel is effective and place on the defendant the burden of proving otherwise. *Commonwealth v. Williams,* 524 Pa. 218, 230, 570 A.2d 75, 81 (1990). We are first required to determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Johnson,* 527 Pa. 118, 122, 588 A.2d 1303, 1305 (1991). If the claim is without merit, our inquiry ends because counsel will not be deemed ineffective for failing to pursue an issue which is without basis. *Id.* Even if the underlying claim has merit, the appellant still must establish that the course of action chosen by his counsel had no reasonable basis designed to effectuate the client's interests and, finally, that the ineffectiveness prejudiced his right to a fair trial. *Id.*; *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

Evidence of other crimes, wrongs or bad acts are admissible if relevant to prove something other than a defendant's propensity to commit crimes. *Commonwealth v. Miller,* 541 Pa. 531, 664 A.2d 1310 (1995). Our courts have recognized the admissibility of evidence of other crimes to show: motive, intent or knowledge, absence of mistake or accident, common scheme or plan, or identi-

---

4. While we note that the information initially provided by the informant alone may not have been enough to support a finding of probable cause, since there are no facts in the affidavit that allege that the informant had been used in the past or that he had intimate knowledge of appellant, the fact that such information was

corroborated by the police with a controlled buy provides substantial reliability. Corroboration provides a "substantial basis for crediting hearsay" information given by informants. *Jones,* 542 Pa. at 424–26, 668 A.2d at 117 (*quoting Gates,* 462 U.S. at 237–38, 103 S.Ct. at 2331–32).

ty. *See Commonwealth v. Sam,* 535 Pa. 350, 635 A.2d 603 (1993); *Commonwealth v. Rogers,* 419 Pa.Super. 122, 615 A.2d 55 (1992). This list, however, is not exclusive. *See generally, Commonwealth v. Scarfo,* 416 Pa.Super. 329, 611 A.2d 242 (1992) (collecting cases discussing other reasons for admissibility of other crimes evidence).

At the outset, we note that there is absolutely no evidence tending to demonstrate that the gun in question was illegally possessed, therefore, we cannot say that it is evidence of other crimes, wrongs, or bad acts. Until we are directed otherwise, it is not a crime, or a wrong, to possess a handgun *per se.*[5] We, therefore, must evaluate the admission of the gun under general relevancy principles.

 Evidence is admissible in a criminal case if it logically or reasonably tends to prove or disprove a material fact in issue, tends to make a fact more or less probable, or if it is a basis for or supports a reasonable inference or presumption regarding the existence of a material fact. *Commonwealth v. Cody,* 401 Pa.Super. 85, 90–91, 584 A.2d 992, 994 (1991). All relevant evidence should be admitted unless a specific rule bars its admission. *Commonwealth v. Patosky,* 440 Pa.Super. 535, 547, 656 A.2d 499, 505 (1995). Clearly, the admission of the handgun was relevant. The Commonwealth has argued that its admission was necessary to prove that appellant possessed the drugs found in his residence with the intent to manufacture or deliver them. In light of the defense counsel's strategy to attack the prosecution's proof regarding intent, evidence that appellant possessed a gun coupled with all the other drug paraphernalia, i.e., the electronic scale, the drugs, razor blades, and plastic baggies, was important circumstantial evidence of intent to manufacture or deliver drugs. Even relevant evidence, however, may be excluded if the probative value of admitting it is substantially outweighed by

the danger of unfair prejudice. *See Commonwealth v. Hindi,* 429 Pa.Super. 169, 631 A.2d 1341 (1993). Here, appellant has failed to articulate any negative inference that the admission of this handgun created other than the bald assertion that objecting to the handgun's admission would have changed the jury's decision. This vague contention when weighed against the importance of the handgun to the prosecution's case compels us to conclude that its admission was not in error. Appellant's contention that the testimony regarding the handgun and its subsequent admission into evidence is, therefore, meritless. *Johnson, supra.* Trial counsel was not ineffective for failing to object to the testimony concerning the handgun or its admission into evidence. *Williams, supra.*

Judgment of sentence affirmed.

POPOVICH, J. files a dissenting opinion.

POPOVICH, Judge, dissenting.

I respectfully dissent from the majority's conclusion that exigent circumstances existed which justified the violation of the knock and announce rule by the police when they executed the search warrant.

As the majority concedes, "the officers appear to have facially violated the knock and announce rule." Opinion, at p. 1363. However, the majority concludes that the departure from the knock and announce rule was justified because the officers "had specific and articulable reason to believe that they were in peril." Opinion, at p. 1364. The evidence cited as support for the officer's perceived peril was reliable information from a confidential informant that appellant possessed a handgun inside his home.

The majority cites *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982), *Commonwealth v. Norris,* 498 Pa. 308, 446 A.2d 246 (1982) and *Commonwealth v. Feflie,* 398 Pa.Super. 622, 581 A.2d 636 (1990), for sup-

---

**5.** In any event, we would find that the trial court properly admitted the handgun into evidence, because it was admissible to demonstrate intent

to manufacture or deliver narcotics. *See Sam, supra.*

port of the proposition that police are entitled to violate the knock and announce rule on account of exigent circumstances where the police have reason to believe the suspect possesses a weapon. However, I conclude that those cases are distinguishable from the facts presented today.

In *Stanley, supra*, the suspect was an escaped convict who had committed murder with a handgun and who was seen in possession of a handgun only one hour before the police forced entry into the apartment where he was hiding. Our Supreme Court ruled that exigent circumstances justified violation of the knock and announce rule.

In *Norris, supra*, the suspect had kidnapped and raped his victim at knife point, and after releasing his victim, he telephoned her and again threatened her with harm if she reported the rape. Here, our Supreme Court ruled that "the police in this case had reason to believe that the suspect was armed and might resist arrest, thus increasing the officers' peril." *Norris*, 446 A.2d at 249.

In *Feflie, supra*, the suspect had robbed a bank using a .357 magnum revolver three days prior to his arrest. Our Supreme Court again ruled that exigent circumstances justified any violation of the knock and announce rule since the police reasonably believed that the suspect was armed.

Those three cases all have one clear distinction from the facts *sub judice*. In those cases, the police not only had a reasonable belief that the suspect possessed a weapon, *but also that the suspect was prepared to use the weapon as each had done on a prior occasion.*

Herein, we only have the testimony of a confidential informant that appellant was in possession of a handgun. There was no evidence that appellant had previously committed an act of violence. Further, there was no evidence that appellant possessed the gun illegally. Finally, at the time of entry, there was no other exigent circumstances, e.g., no sounds of anyone inside the home attempting to escape or destroy evidence.

I agree with appellant that the present case is much more similar to *Commonwealth v. Grubb*, 407 Pa.Super. 78, 595 A.2d 133 (1991), than *Stanley, supra, Norris, supra,* and *Feflie, supra*. Therein, we rejected the notion that the exigent circumstances which are necessary to justify a violation of the knock and announce rule exist *every time* a search warrant for drugs is executed because "drug dealers customarily carry weapons." *Grubb, supra*. Herein, there is no evidence that appellant possessed the gun illegally or intended to use the gun against the authorities. Permitting exigent circumstances to be based solely on the presence of the weapon is tantamount to presuming all drug dealers possess weapons and will use them.

While I certainly recognize the dangers which police officers face when executing search warrants upon alleged narcotic traffickers, I do not believe the mere presence of a weapon in a suspect's residence *when legally possessed by the suspect* gives rise to exigent circumstances, *where there is no evidence to suggest that the suspect would employ it criminally.* Until the mere possession of a weapon is illegal, that possession can not amount to exigent circumstances *per se.* Accordingly, I would reverse the decision of the court below and suppress the evidence seized as a result of the violation of the knock and announce rule.