IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. LARRY ALLEN HICKS

### Direct Appeal from the Criminal Court for Hamilton County
No. 221717      Douglas A. Meyer, Judge

No. E199-00957-CCA-R3-CD - Decided
May 19, 2000

JUDGE TIPTON dissenting.

I respectfully dissent from the majority opinion=s holding that the roadblock was lawful as it related to the defendant. Because I believe Tennessee limits the authority to conduct driver license roadblocks to Tennessee Highway Patrol (THP) officers, I would hold that the actions of the municipal police officers by which the defendant was stopped and approached were unlawful and that the evidence obtained as a result of the stop should be suppressed.

I agree generally with the majority opinion=s proposition that driver license checkpoints are of value to the state. See Cox v. State, 181 S.W.2d 338, 339 (Tenn. 1944); Robertson v. State, 198 S.W.2d 633, 635 (Tenn. 1947) (noting that the authority of THP officers to check for driver licenses is due to the fact that their primary duty is to enforce traffic laws and promote the safety of the traveling public). Thus, the constitutional limitations provided in Delaware v. Prouse, 440 U.S. 648, 99 S. Ct. 1391 (1979) and State v. Downey, 945 S.W.2d 102 (Tenn. 1997) could logically apply to such roadblocks.

However, I believe that our legislature has expressly shown a limited interest in such checks by providing that it is unlawful for any law enforcement officer other than a THP officer to demand that a motorist show his or her license in the absence of a violation of the law. The statute upon which the defendant bases his argument that the roadblock was unlawful as applied to him is Tenn. Code Ann. ' 55-50-351, which provides, in pertinent part, as follows:

> License to be carried and exhibited on demand B Arrest and penalty for violations.
> B (a) Every licensee shall have such licensee=s operator=s or chauffeur=s license in immediate possession at all times when operating a motor vehicle and shall display the same, upon demand of a court of general sessions, a peace officer, or a field deputy or inspector of the department; provided, that it is unlawful for any law enforcement officer of this state, except a state patrol officer or officer of the department to demand the exhibition of such licenses, unless the operator of the

> motor vehicle is then engaged in, or immediately prior to such demand has been engaged in, a violation of any municipal ordinance or statute law of this state. Any peace officer, field deputy, or inspector of the department, or any other law enforcement officer of this state or municipality thereof, has the right to demand the exhibition of the license of any operator of a motor-driven cycle as described in ' 55-8-101, and effect the arrest of any persons so found to be in violation of this section.

(Emphasis added). The defendant contends that because ' -351 makes it unlawful for any officer other than a highway patrol officer to demand a driver license absent a violation, the roadblock in the present case was unlawful because he was stopped and his license was demanded by a member of the Red Bank Police Department.

The majority opinion rejects the defendant=s argument, referring to Tenn. Code Ann. ' 55-50-804, which provides as follows:

> License or receipt to be in immediate possession and displayed upon demand. B The licensee shall have the licensee=s license in immediate possession at all times when driving a motor vehicle and shall display it on demand of any officer or agent of the department or any police officer of the state, county, or municipality, except that where the licensee has previously deposited the license with the officer or court demanding bail, and has received a receipt from the officer or the court, the same is to serve as a substitute for the license until the specified date for court appearance of the licensee or the license is otherwise returned to the licensee by the officer or court.

Relying upon State v. James Herbie Hinkle, No. 80-89-III, Davidson County (Tenn. Crim. App. Dec. 9, 1980), the majority concludes that ' -804 controls to the extent that the two statutes conflict. However, by using rules of statutory construction, I believe that the statutes do not conflict.

In construing statutes, Awe must presume that the General Assembly knows of its prior enactments and knows of the existing state of the law at the time it passes legislation.@ Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). Accordingly, courts must avoid a construction that places one statute in conflict with another and Ashould resolve any possible conflict between statutes in favor of each other, whenever possible, so as to provide a harmonious operation of the laws.@ State ex rel. Boone v. Sundquist, 884 S.W.2d 438, 444 (Tenn. 1994).

The legislature enacted the statutory precursor to ' -351 in 1937. The statute was amended in 1989 regarding its punishment provision to comply with the Criminal Sentencing Reform Act of 1989. The statute is located in the Driver Licenses chapter under Part 3, which is entitled AApplication, Examination, and Issuance.@ The legislature enacted the statutory precursor to ' -804 in 1971. The statute is located in the Driver Licenses chapter under Part 8

which is entitled ADeposit of License in Lieu of Bail.@  In context, I believe that the legislature enacted ' -804 with the understanding that it deals with drivers who have already been stopped for a violation of the law.  Applied in such a way, both statutes can be given full effect harmoniously and without conflict.  In this respect, I believe the legislature has intended for ' -351 to remain fully functional.

The majority opinion also relies upon Hinkle for the proposition that local law enforcement agencies may assist with roadblocks and act as agents of the THP officers under their supervision.  However, ' -351 unequivocally states that it is unlawful for anyone other than a THP officer to make such demand when there has been no violation, such as at a roadblock.  Given this specific prohibition, I do not believe that the legislature intended for the Tennessee Highway Patrol to be able to delegate its authority and thereby expand all police officers= authority that has been so expressly limited.  In essence, the majority opinion holds that the Tennessee Highway Patrol, or even an officer thereof, has the power to make that which is unlawful lawful through delegation.  I do not believe such authority exists.  Moreover, as the majority opinion notes, the Tennessee Highway Patrol has not authorized its officers to delegate such authority under General Order 410.

In the present case, the record reflects that Red Bank police officers and Chattanooga police officers would stop cars and check driver licenses when the THP officers were otherwise engaged with other stopped drivers or other matters.  Local police officers stopped and approached the defendant.  The THP officers did not personally participate in the defendant=s stop and subsequent arrest.  Under these circumstances, I believe that the stop of the defendant=s car and the demand for his driver license were unlawful.

Although the officers= conduct is made unlawful by statute, suppression of the resulting evidence is proper.  Statutes relating to or in aid of constitutional provisions, such as the right against unreasonable searches and seizures, often carry the remedy of suppression of evidence if they are violated.  See, e.g., State v. Walker, 12 S.W.3d 460, 467-68 (Tenn. 2000) (holding that an arrest in violation of citation statute constitutes a violation of the right against an unreasonable search and seizure).  Other jurisdictions have similarly held that a violation of a statutory right resulted in the exclusion of the evidence.  See United States v. Soto-Soto, 598 F.2d 545, 550 (9th Cir. 1979) (holding that evidence seized from a search conducted at the border patrol by an FBI agent in violation of 19 U.S.C. ' 482, which authorized warrantless border searches only by customs or immigration officers, should be suppressed); State v. Toevs, 964 P.2d 1007, 1015 (Or. 1998) (holding that evidence obtained in violation of a statute limiting officers= authority to respond to traffic violations should be suppressed); Commonwealth v. Means, 614 A.2d 220, 223 (Penn. 1992) (holding that a search conducted in violation of statutory Aknock and announce@ procedures warranted suppression of the evidence because the statutory procedures implicated the fundamental constitutional concern of the prohibition against unreasonable searches and seizures); State v. Rutherford, 707 So.2d 1129, 1132 (Fla. Dist. Ct. App. 1997) (holding that suppression is proper in cases involving a violation of a statute

-3-

implementing or expanding a constitutional right); see also 3 W. LaFave, Search and Seizure ' 1.5(b), at 133-34 (3d ed. 1996) (stating that Athe need for the remedy of exclusion can best be determined by taking into account the significance of the right involved and the degree of infringement.  And in assessing the significance of the right, it is certainly appropriate to consider the relationship between the requirement of the relevant rule or statute and the protections of the Fourth Amendment.@).

In considering the foregoing, I would hold that the statutory violation in the present case warrants suppression.  Tennessee=s narrow statute authorizing license checks only by highway patrol officers in the absence of a violation of the law and declaring any other law enforcement officers= stops solely for driver license checks to be unlawful reflects a legislative intent that a license check in contravention of the statute is unreasonable in the search and seizure context.  Therefore, I would affirm the trial court=s suppression of any evidence obtained as a result of the stop of the defendant.