COMMONWEALTH of Pennsylvania, Appellee,

v.

Bernadette DAYS, Appellant.

Superior Court of Pennsylvania.

Submitted July 6, 1998.

Filed Sept. 9, 1998.

Gerald A. Stein, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAKIN, JOYCE and TAMILIA, JJ.

JOYCE, Judge.

This is an appeal from the judgment of sentence entered after Appellant, Bernadette Days, was convicted of possession with the intent to deliver and delivery of a controlled substance, i.e., cocaine,[1] and criminal conspiracy to commit these offenses.[2] For the reasons set forth below, we affirm. The relevant facts and procedural history are as follows.

On July 6, 1992, a first-time confidential informant gave undercover narcotics Officer Bertha Ferguson information that drugs were being sold from a residence located at 4308 Wyalusing Avenue.[3] That same day, Officer Ferguson and Officer Earl Crawford went to the address to verify the reports. The officers knocked on the door and were met by Appellant, who matched the physical description given by the informant. Suppression Hearing Transcript (S.H.T.), 3/2/92 at 53–54. Officer Ferguson greeted Appellant as "Stephanie," and Appellant responded as if it were her name. *Id.* at 54. Ferguson and Crawford then completed a controlled buy of a white chunky substance that tested positive for cocaine. *Id.* at 19, 53.[4]

Officer Ferguson then obtained a search warrant for the property. N.T. 3/2/96 at 12, 50–54; 2/7/96 at 19–23. On July 8, 1992, Officer Ferguson, Officer Crawford and other members of the Philadelphia police returned to the premises to execute the warrant. S.H.T. at 33. Upon their arrival, the officers observed Appellant sitting on the porch of the property. *Id.* at 13, 35. Appellant was apprehended and advised of the warrant. *Id.* at 14. During a search of Appellant's person, the officers obtained forty dollars and twelve (12) vials of crack cocaine from Appellant and led her into the

---

1. 35 P.S. § 780–113(a)(30) (defining the crime of possession with the intent to deliver and delivery of a controlled substance); 35 P.S. § 780–104(2)(i)4 (classifying cocaine as a schedule II controlled substance).

2. 35 Pa.C.S.A. § 903(a).

3. The informant identified the occupant as a "black female, approximately 27–30 years old, 5'9", 190 lbs., and known as Stephanie." Suppression Hearing Transcript (S.H.T.), 3/2/92 at 53.

4. For reasons which are unclear, Officer Ferguson returned to the address on the following day to conduct another controlled buy of narcotics before she executed the warrant. S.H.T. at 9–11, 13, 31, 33. While inside the residence, Officer Ferguson observed Appellant's son handing another black male a plastic bag containing several green capped vials in exchange for U.S. currency. *Id.* at 9.

residence. *Id.* at 36. Before entering, Ferguson again announced, "search warrant." *Id.* After the back-up officers entered, they seized forty (40) plastic vials of crack cocaine, seventy-three dollars ($73.00) in U.S. currency, and proof of Appellant's residency from an upstairs bedroom that contained female clothing.[5] Appellant and her son, Cory Days, were arrested and charged with various offenses arising out of this incident.

Appellant filed a motion to suppress the physical evidence seized during the search. Following a hearing on March 2, 1992, the trial court denied Appellant's motion. On February 14, 1996, a jury found Appellant guilty of the above offenses.[6] The trial court sentenced Appellant to a mandatory term of three (3) to six (6) years' imprisonment and a $15,000 fine. No post sentence motions were filed. This timely appeal followed.

Appellant presents the following issues for review: (1) whether the search warrant was based on probable cause; (2) whether the trial court erred in failing to suppress evidence seized pursuant to the search; (3) whether the trial court erred in failing to permit defense counsel to inquire regarding Officer Ferguson's unavailability as a witness; and (4) whether trial counsel was ineffective for failing to interview and/or call Officer Ferguson as a witness.

■■■ The first issue is whether the search warrant was based on probable cause. In determining whether probable cause exists, Pennsylvania applies the "totality of the circumstances" test. *Commonwealth v. Sharp*, 453 Pa.Super. 349, 357, 683 A.2d 1219, 1223 (1996). The duty of this Court is to ensure that the magistrate had a "substantial basis for concluding that probable cause existed." *Id.*

An affidavit for a search warrant is to be tested by this [C]ourt with common sense and a realistic manner, and not subjected to overly technical interpretations; the

magistrate's determination of probable cause is to be accorded great deference on review. The law is clear that before a search warrant may issue, facts supported by oath or affirmation must be presented to the issuing officer which will justify a finding of probable cause. For the warrant to be constitutionally valid, the issuing officer must conclude that probable cause exists at the time the warrant is issued. Such a conclusion may not be made arbitrarily and must be based on facts [that] are closely related in time to the date the warrant is issued.

*Commonwealth v. Baker*, 532 Pa. 121, 126, 615 A.2d 23, 25 (1992) (citations and quotation marks omitted).

■■■ Probable cause is based on a finding of probability, not a prima facie showing of criminal activity. *Id.* The duty of this Court is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Id.* The magistrate may not have considered any evidence outside the affidavit in determining whether probable cause has been established. Pa.R.Crim.P. Rule 2003(a), 42 Pa.C.S.A. We will review the affidavit with the above principles in mind.

The affidavit stated that probable cause is based on the following facts and circumstances:

On this date 7–6–92, this affiant received information from a first time confidential informant who stated that a b/f called Stephanie was selling illegal drugs from 4308 Wyalusing Ave. At approx. 1:55 pm your affiant and P/O Crawford ... went to the location of 4308 Wyalusing Ave. and a b/f approx. 27–30 yrs. Was on the porch area at that location and asked both officers what did we need, at which time P/O Ferguson gave the b/f called Stephanie one prerecorded $5.00 bill and P/O Crawford ... gave the b/f one prerecorded $10.00 bill ... and then the b/f went into the

---

5. Police also seized drug paraphernalia near the downstairs dining room. In co-defendant Cory Days' bedroom, the police discovered a loaded pistol, ammunition, baggies containing 40 vials of crack cocaine, $279 in U.S. currency and various drug paraphernalia including razor blades, a strainer and a cutting agent. The total

cocaine seized from the home weighed more than seventy (70) grams.

6. The jury was unable to reach a verdict on Appellant's son, Cory Days. However, the jury acquitted Appellant of the charge of possession of drug paraphernalia.

location 4308 Wyalusing and then re-turn[ed] in two minutes and gave P/O Fer-guson one vial with white chunky sub-stance with a green top and P/O Crawford (2) vials with same. Both officers left the area and returned to narcotics unit. Two items were tested by P/O's and placed on pR# 382220[sic] and submitted to Pol. Chem lab for analysis.

Search Warrant and Affidavit, 7/6/92.

■ In considering the "totality of the cir-cumstances" of this case and viewing the affidavit from a commonsense, non-technical perspective, we find that the affidavit con-tains sufficient facts to determine that there was probable cause that Appellant had drugs at the premises. *See Baker*, 532 Pa. at 127, 615 A.2d at 26 (sufficient information existed for magistrate to make a neutral and de-tached decision whether there was a fair probability that contraband or evidence of a crime existed in a particular place based on hearsay information corroborated by officer's drug purchase). Therefore, Appellant cannot obtain relief on this basis.

■ Appellant's second issue concerns the trial court's refusal to suppress evidence seized during the execution of the search warrant. More specifically, Appellant as-serts that police violated the "knock and announce" rule. Appellant's Brief at 3–9. Our scope of review in evaluating the trial court's refusal to suppress evidence is [to] determin[e] whether the factual findings of the suppression court are supported by the record. When it is a defendant who has appealed, we must consider only the evi-dence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error. Thus, if sufficient evi-dence is of record to support the suppres-sion court's ruling and that court has not

misapplied the law, we will not substitute our credibility determination for that of the suppression court judge.

*Commonwealth v. Marinelli*, 547 Pa. 294, 315–316, 690 A.2d 203, 214 (1997), *cert. de-nied*, —— U.S. ——, 118 S.Ct. 1309, 140 L.Ed.2d 473 (1998) (citation omitted). We will evaluate the suppression claim in accor-dance with this standard.

The knock and announce rule is embodied in Rule 2007 of the Pennsylvania Rules of Criminal Procedure which provides, in rele-vant part, that "a law enforcement officer executing a search warrant shall, before en-try, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances re-quire his immediate forcible entry." Pa. R.Crim.P., Rule 2007(a), 42 Pa.C.S.A.

■ The primary purpose of the knock and announce rule is to prevent resistance to lawful authority based on the occupant's ef-forts to protect his privacy expectation against the unauthorized entry of persons unknown to him. *Commonwealth v. Carlton*, 549 Pa. 174, 701 A.2d 143, 146 (1997). Addi-tionally, the rule prevents violence and physi-cal injury to the police and the occupants. *Id.* The rule also prevents property damage resulting from a forced entry during the execution of a search warrant. *Id.*

This Court has determined that exceptions to the knock and announce rule exist where:

1. the occupants remain silent after re-peated knocking and announcing;

2. the police are virtually certain that the occupants of the premises already know their purpose;

3. the police have reason to believe that an announcement prior to entry would im-peril their safety; [or]

4. the police have reason to believe that evidence is about to be destroyed.

*Commonwealth v. Chambers*, 528 Pa. 403, 408, 598 A.2d 539, 541 (1991).[7] The facts of

7. Although the case law lists these exceptions with the conjunctive "and", the courts have in-terpreted these exceptions to be listed with the disjunctive "or." In other words, any one of

these exceptions may be met to justify non-com-pliance with the knock and announce rule. *See, e.g., Commonwealth v. Carlton*, 549 Pa. 174, 182–184, 701 A.2d 143, 147 (providing that any of the

this case indicate that the conduct of the police officers falls within the second exception to the knock and announce rule.[8]

The goal sought to be achieved by the knock and announce rule is to alert the occupant to the presence of a person at the door and inform the occupant of that person's identity and purpose, thus allowing the opportunity for peaceful surrender of the premises without danger to officers and occupants or damage to the property. *See Chambers*, 528 Pa. at 409, 598 A.2d at 541 (announcement of purpose prior to entry gives occupant opportunity to surrender premises peacefully). *See also Commonwealth v. Morgan*, 517 Pa. 93, 97–98, 534 A.2d 1054, 1056–1057 (1987) and *Commonwealth v. DeMichel*, 442 Pa. 553, 562–563, 277 A.2d 159, 163–164 (1971) (both stating that a peaceful surrender of premises would fulfill purpose of knock and announce rule). If the occupant of the residence is already aware of the presence and purpose of the police, then there is no need to comply with the knock and announce rule because its purposes have been satisfied.

In this case, Appellant was in custody on the porch of her residence. S.H.T. at 14, 15, 36. The police identified themselves and told Appellant that they had a warrant. Moreover, Appellant was an occupant of the residence and the person specified in the search warrant. *Id.* at 12. Because Appellant knew of the existence, identity and purpose of the police officers, it would be pointless for the officers to stop on the way into the residence to knock on the door. *See Commonwealth v. Chambers*, 528 Pa. at 409, 598 A.2d at 541 (1991) (providing that police are not required to engage in futile gestures in executing a search warrant); *see generally United States v. McDonald*, 991 F.2d 866, 868 (D.C.Cir.1993) (holding that police announcement of purpose to person with apparent authority seated on porch was sufficient to satisfy announcement requirement). Ac-

cordingly, the officers' failure to knock and announce was excused here. Under these circumstances, the execution of the search warrant was lawful. Therefore, the trial court did not err in refusing to suppress evidence obtained from the search of the premises.

Appellant next contends that the trial court erred in failing to permit defense counsel to inquire at trial regarding Officer Ferguson's unavailability as a witness. In reviewing the trial court's evidentiary rulings, we are guided by the rule of law that the admissibility of evidence is a matter addressed to the sound discretion of the trial court, which may only be reversed upon a showing that the court abused its discretion. *Commonwealth v. Mayhue*, 536 Pa. 271, 292, 639 A.2d 421, 431 (1994).

Throughout the trial, defense counsel questioned various witnesses regarding Officer Ferguson's whereabouts. Each time, the trial judge sustained the Commonwealth's objections. *See* N.T. 2/7/96 at 39, 45, 48; N.T. 2/8/96 at 210, 212. Appellant argues that this line of questioning should have been permitted because "if Ferguson was dismissed . . . due to her involvement in criminal or illegal activities, that information should have been made known to the jury." Appellant's Brief at 11. Also, Appellant argues that Ferguson played an integral role in the arrest and execution of the warrant. Appellant's Brief at 10–11. Appellant further alleges that Ferguson could have explained the "substantial inaccuracies" in her description of Appellant, and that Ferguson's credibility was an issue for the jury. *Id.*

However, the record shows that Appellant knew of the location of Officer Ferguson at the time of trial, but failed to call Officer Ferguson. N.T. 2/12/96 at 489. Moreover, the transcript shows that Appellant was only prevented from eliciting inferences as to Ferguson's whereabouts and rea-

---

exceptions justifies non-compliance with the knock and announce rule).

**8.** At the suppression hearing, the Commonwealth did not introduce evidence that the officers knocked. *See* S.H.T. at 36–37. At trial, however, the Commonwealth introduced other officers

who testified that the officers did knock prior to entry. N.T. 2/7/96 at 61, 82, 111. In reviewing the suppression claim, we are bound by the record as created at the suppression hearing. Accordingly, we cannot rely on the facts that were not developed until trial.

sons for leaving the force. N.T. 2/7/96 at 39, 45, 48; 2/8/96 at 210, 212. The trial court properly denied Appellant from making these prejudicial inferential claims with no evidentiary basis. *See Commonwealth v. Rivers*, 537 Pa. 394, 644 A.2d 710, 715 (1994) *cert. denied*, 516 U.S. 1175, 116 S.Ct. 1270, 134 L.Ed.2d 217 (1996) (preventing appellant from creating inferences was proper absent evidence to support that inference).

Furthermore, Officer Ferguson's testimony would have been cumulative because the Commonwealth presented testimony from a number of other officers, including Officer Crawford, who participated in the execution of the warrant and arrest of Appellant. Appellant offers no proof that statements made by Ferguson would have contradicted the evidence presented at trial. Any testimony from Ferguson as to the apprehension of Appellant and the execution of the search warrant would have been cumulative and therefore inadmissible. *See Commonwealth v. Leighow*, 413 Pa.Super. 372, 379–381, 605 A.2d 405, 409 (1992) (indicating that the trial court has discretion to exclude evidence that is cumulative).

Additionally, Officer Ferguson was dismissed from the police force for reasons unrelated to this case. N.T. 2/12/96 at 488. Consequently, any evidence that might have been elicited regarding Ferguson's "problems" that may have brought about her dismissal from the force would have been irrelevant and was properly excluded. *See* N.T. 2/7/96 at 48; 2/8/96 at 210, 212. *See Commonwealth v. Enders*, 407 Pa.Super. 201, 205–207, 595 A.2d 600, 603 (1991) (stating that evidence is only relevant if the inference sought bears upon the matter at issue in the case and the evidence renders the desired inference more probable than not; trial court has discretion to exclude irrelevant evidence). We therefore find these allegations to be without merit, and that the trial court did not abuse its discretion in refusing to allow this evidence at trial. Consequently, no relief is due on these grounds.

■ Appellant's final issue is whether trial counsel was ineffective for failing to interview and/or call Officer Ferguson as a witness. To establish a claim of ineffectiveness

of counsel, Appellant must show, *inter alia*, that the underlying claim is of arguable merit. *Commonwealth v. Wilson*, 543 Pa. 429, 440, 672 A.2d 293, 298, *cert. denied*, —— U.S. ——, 117 S.Ct. 364, 136 L.Ed.2d 255 (1996) (citation and quotation marks omitted).

■ To prove that counsel was ineffective for failing to investigate or call a witness, a defendant must show how the testimony of the witness would have been beneficial under the circumstances of the case. *Commonwealth v. Auker*, 545 Pa. 521, 548, 681 A.2d 1305, 1319 (1996). In addition, a defendant must demonstrate that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness' testimony was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Henry*, 550 Pa. 346, 379, 706 A.2d 313, 329 (1997) (citations omitted). A failure to call a witness is not per se ineffective assistance of counsel for such a decision generally involves a matter of trial strategy. *Commonwealth v. Auker, supra.*

■ The record shows that Officer Ferguson existed at the time of trial, and that defense counsel knew of her whereabouts. N.T. 2/12/96 at 489. Therefore, the first and third elements are met. With regards to the second and fourth elements, Appellant offers no proof that Officer Ferguson was willing and able to testify at trial on behalf of Appellant. This Court will not grant relief based on an allegation that a certain witness may have testified in the absence of an affidavit from that witness to show that the witness would, in fact, testify. *See Commonwealth v. Lassen*, 442 Pa.Super. 298, 659 A.2d 999, 1012 (1995) (providing that affidavit showing witness' willingness and ability to cooperate must be present for relief to be granted). On the contrary, Appellant baldly alleges that Ferguson's testimony may have been favorable to Appellant. We find no discussion in Appellant's brief as to what this testimony would be, how it would be favorable or how the absence of such testimo-

ny prejudiced Appellant so as to deny her of a fair trial. Therefore, Appellant has not met the burden of showing that counsel was ineffective for failing to call Officer Ferguson as a witness. Consequently, no relief is due on this basis. Finding that none of the issues raised by Appellant warrant the grant of relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.