**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kaliek M. McDONALD, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1999.

Filed Oct. 21, 1999.

---

Mary Hausseus, Asst. Public Defender, Philadelphia, for appellant.

Joan Weiner, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before POPOVICH, JOYCE and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Kaliek McDonald appeals from his October 30, 1998 judgment of sentence of three (3) to twenty-three (23) months' house arrest followed by two (2) years' probation. Following a nonjury trial, appellant was found guilty of possession of a controlled substance (marijuana)[1], carrying a firearm without a license[2] and carrying a firearm on public streets in Philadelphia.[3]

¶ 2 At approximately 2:18 on the morning of June 23, 1998, a woman placed a "911" telephone call to the Philadelphia police. Based upon the information received from the caller, police dispatched a radio report that three black males, wearing white T-shirts, were carrying guns and drugs in the 3700 block of Aspen Street, an area known for narcotic transactions and firearm offenses. In addition, the broadcast stated that shots had been fired and that the perpetrators remained at the scene. Philadelphia Police Officer Thomas Culp received the broadcast while on uniformed patrol in a marked car one block from the reported incident. Officer Culp, an experienced police officer familiar with the area and its reputation, arrived at the scene within seconds and observed a group of three black males wearing white T-shirts. There were no other persons in the vicinity matching the perpetrators' description. He directed the men to stand against the wall and, in response to this order, appellant voluntarily informed the officer that he had a handgun in his pant pocket. Officer Culp searched appellant's pant pockets and retrieved a .22 caliber handgun and several small bags of marijuana. *See* Trial Court Opinion, Fitzgerald, J., May 3, 1999, at 2.

1. 35 P.S. § 780–113(a)(16).

2. 18 Pa.C.S.A. § 6106.

3. *Id.*, § 6108.

¶ 3 Appellant presents the following challenge to his judgment of sentence.

> Did not the lower court err in denying the motion to suppress the physical evidence and statement of appellant where the police officer, responding to an anonymous tip containing a vague description, and in the absence of any corroborating criminal activity, lacked the requisite reasonable suspicion when he stopped and ordered [appellant] against the wall?

(Appellant's Brief at 3.)

> Our scope of review in evaluating the trial court's refusal to suppress evidence is to determine whether the factual findings of the suppression court are supported by the record. When it is a defendant who has appealed, we must consider only the evidence of the prosecution and so much of the evidence of the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error. Thus, if sufficient evidence is of record to support the suppression court's ruling and that court has not misapplied the law, we will not substitute our credibility determination for that of the suppression court judge.

*Commonwealth v. Days*, 718 A.2d 797, 801 (Pa.Super.1998), *quoting Commonwealth v. Marinelli*, 547 Pa. 294, 315–316, 690 A.2d 203, 214 (1997), *cert. denied*, 523 U.S. 1024, 118 S.Ct. 1309, 140 L.Ed.2d 473 (1998) (citation omitted).

¶ 4 We review the facts of this case to determine whether police had reasonable suspicion to conduct a stop pursuant to *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969), and *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

¶ 5 "It is well-established that a police officer, relying on specific and articulable facts which, if taken together with rational inferences from those facts, reasonably warrant a belief that criminal activity is afoot, can lawfully make an investigatory *Terry* stop." *Commonwealth v. Myers*, 728 A.2d 960, 962 (Pa.Super.1999), *citing Commonwealth v. Martinez*, 403 Pa.Super. 125, 588 A.2d 513 (1991), *appeal denied*, 530 Pa. 653, 608 A.2d 29 (1992).

¶ 6 "In *Alabama v. White*, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), the United States Supreme Court held that a *Terry* stop may be made on the basis of an anonymous tip, provided the tip is sufficiently corroborated by independent police work to give rise to a reasonable belief that the tip was correct." *Commonwealth v. Jackson*, 548 Pa. 484, 490, 698 A.2d 571, 574 (1997). In *Commonwealth v. Hawkins*, 547 Pa. 652, 657, 692 A.2d 1068, 1070 (1997), our Pennsylvania Supreme Court held that the fact a suspect resembles the physical description provided by the caller alone is not enough to corroborate the caller's allegation of criminal conduct.

¶ 7 "[I]n order for police to act on an anonymous tip, the *Terry* requirement of reasonable suspicion of criminal activity must still be satisfied and must be independent of the telephone tip itself." *Commonwealth v. Kue*, 547 Pa. 668, 671, 692 A.2d 1076, 1078 (1997); *Hawkins, supra* (Police must have an independent basis to establish the requisite reasonable suspicion.) Accordingly, the police officer's first hand observations, knowledge and experience determine substantially whether there are articulable facts which support the reasonable suspicion. "The question of whether reasonable suspicion existed at the time of an investigatory detention must be answered by examining the totality of the circumstances to determine whether there was a particularized and objective basis for suspecting the individual stopped of criminal activity." *In re D.M.*, 556 Pa. 160, 164, 727 A.2d 556, 557

(1999), *citing United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

 ¶ 8 In the present case, there was a "911" phone call at approximately 2:18 in the morning reporting shots fired in an area known for shootings and drug activity. While we recognize that Pennsylvania has not adopted the "man with a gun" exception to the requirement of independent corroboration, in this case the fact shots were fired created the element of imminent danger.[4] Any delay by police in the hope of obtaining independent corroboration necessarily increased the likelihood that further action by the suspects could have resulted in injuries or even fatalities. *See Hawkins, supra*, Dissenting Opinion, Justice Newman, 547 Pa. at 663, 692 A.2d at 1074.

¶ 9 Moreover, the caller gave the physical description of the perpetrators and informed police they were still in the area and in possession of guns and drugs. The responding officer was familiar with the area and arrived at the scene within seconds of the police radio broadcast. Only appellant and his two companions met the caller's physical description.

¶ 10 Based upon the foregoing, we find the facts and circumstances leading up to the investigatory stop sufficiently corroborated the "911" caller's information and established the reliability of the information provided. Accordingly, the investigatory stop was based upon reasonable suspicion and, therefore, proper. Finding no error with respect to the court's denial of appellant's motion to suppress, the Octo-

ber 30, 1998 judgment of sentence is affirmed.

¶ 11 Judgment of sentence affirmed.

---

4. The Second, Seventh and Eleventh United States Circuit Courts have addressed the issue of whether "a 'man with a gun' anonymous tip, which is confirmed only by police identification of a man matching the tipster's description, constitutes reasonable suspicion to stop and frisk the suspect." *Commonwealth v. Hawkins*, 547 Pa. 652, 662–663, 692 A.2d 1068, 1073 (1997), Dissenting Opinion, Justice Newman, 547 Pa. at 663, 692 A.2d at 1074. The Courts all concluded that a *Terry* stop based upon these circumstances does not violate the Fourth Amendment of the United States Constitution. *Id.* at 665, 692 A.2d at 1074. *See United States v. Bold*, 19 F.3d 99 (2 nd Cir.1994); *United States v. DeBerry*, 76 F.3d 884 (7 th Cir.1996); *United States v. Gibson*, 64 F.3d 617 (11 th Cir.1995).