COMMONWEALTH of Pennsylvania,
Appellee,

v.

Stephen Montier PINER, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 14, 2000.
Filed Dec. 6, 2000.
Reargument Denied Jan. 11, 2001.

---

3. In dicta, the Commonwealth Court stated that if Board member Bartolomucci's vote was not included in the count, there would not have been sufficient votes to demote Katruska under the Public School Code and the matter would never have been before the Secretary of Education for review. Although it is not relevant to our determination, we note that this analysis is inconsistent with the Commonwealth Court's decision in *Bilotta v. The Secretary of Education*, 8 Pa.Cmwlth. 631, 304 A.2d 190 (1973).

Steven P. Passarello, Altoona, for appellant.

Richard A. Consiglio, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

Before HUDOCK, STEVENS, and BROSKY, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Blair County after Appellant, Stephen Montier Piner, was convicted of possession with the intent to deliver cocaine. Appellant argues that the trial court erred in failing to suppress evidence seized pursuant to a search of his residence. For the reasons set forth below, we affirm.

¶ 2 On September 19, 1996, officers from the Altoona Police Department and the Attorney General's Office prepared to execute a search warrant for Appellant's residence based on a confidential informant's report that drugs were being sold there. The officers first convened at the Blair County Task Force Office for a briefing, where Agent Randy Feathers of the Attorney General's Office conveyed that the informant had seen guns in the residence earlier that same day. Despite the obvious dangers associated with executing the warrant, the officers agreed that they would carry out the assignment in accordance with the "knock and announce" rule.

¶ 3 At approximately 9:45 p.m., one marked Altoona cruiser and one unmarked patrol car arrived without use of lights or sirens at Appellant's residence. Four officers exited and ascended the lighted front porch, where only a screened entrance door remained closed. Looking through the screen from their front porch vantage point, the officers easily could see inside the home about ten people, some in the front parlor, others in the rear kitchen.

¶ 4 The uniformed lead officer announced loudly "Altoona Police with a search warrant" at least two or three times, but no one inside approached to admit the officers. Instead, one woman, though making eye contact with the lead officer, continued to watch television from her chair, another man in the front room paced toward the kitchen, and a number of people seated behind a kitchen counter suddenly became active. Unable to see clearly the activity behind the counter, the officers entered through the unlocked screen door several seconds after their announcements went unacknowledged.

¶ 5 The officers secured the residence without incident. In plain view on the kitchen floor lay a baggie that later tested positive for crack cocaine. A subsequent search of the entire residence uncovered several baggies of marijuana and crack cocaine, currency used in undercover police buys, a loaded .22 caliber rifle, a shotgun, and ammunition. On the basis of the search, Appellant was charged with possession with intent to deliver cocaine.

¶ 6 Appellant filed a motion to suppress the physical evidence as the product of a search made in contravention of the "knock and announce" rule embodied in Pa.R.C.P.2007. The trial court conducted a hearing on April 1, 1997, in which the four officers and a defense witness testified. The court found, afterward, that the officers' failure to knock coupled with their abbreviated wait before entering the residence violated the strictures of Rule 2007. Nonetheless, the court deemed the warrant's execution lawful under a recognized exception to the knock and announce rule, namely, exigent circumstances, and ruled the evidence was admissible at trial. Accordingly, a jury subsequently considered the physical evidence and convicted him of possession with the intent to deliver.

¶ 7 Appellant's timely appeal challenges the trial court's refusal to sup-

press the physical evidence seized during the search of his residence. Our scope of review in evaluating a trial court's refusal to suppress evidence is to determine whether the factual findings of the suppression court are supported by the record.

When it is a defendant who has appealed, we must consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error. Thus, if sufficient evidence is of record to support the suppression court's ruling and that court has not misapplied the law, we will not substitute our credibility determination for that of the suppression court judge.

*Commonwealth v. Days*, 718 A.2d 797, 801 (Pa.Super.1998) (citation omitted).

¶ 8 Rule 2007 embodies the common law prohibition against unreasonable searches and seizures that applies to the manner of a warrant's execution. *Commonwealth v. Chambers*, 528 Pa. 403, 598 A.2d 539 (1991). The procedural rule states:

RULE 2007. MANNER OF ENTRY INTO PREMISES

(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.

(b) Such officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.

(c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search.

Pa.R.Crim.P., Rule 2007(a), 42 Pa.C.S.A.

■ ¶ 9 The purpose of the "knock and announce" rule is to prevent violence and physical injury to the police and occupants, to protect an occupant's privacy expectation against the unauthorized entry of unknown persons, and to prevent property damage resulting from forced entry. The purpose may be achieved only if the police officer awaits a response for a reasonable period of time after his announcement of identity, authority, and purpose. *Commonwealth v. Martinelli*, 729 A.2d 628 (Pa.Super.1999). Instances in which police conduct, technically noncompliant with the rule, was nonetheless found not to have defeated the purpose of the rule include when:

the occupants of the premises remain silent after repeated knocking and identification;

the police are virtually certain that the occupants of the premises already know their purpose;

the police have reason to believe that an announcement prior to entry would imperil their safety; [or][1]

the police have reason to believe that evidence is about to be destroyed.

*Days, supra.*

■ ¶ 10 In the within matter, the officers satisfied the knock and announce rule embodied within Rule 2007. Clearly visible through the transparent, screened front door, a uniformed officer stood under a porch light and engaged the attention of at least several occupants with an announcement of his identity, authority, and purpose. A knock in such a case would have been a superfluous act, as the occupants were already alerted to the officer's

---

**1.** Although case law lists these instances with the conjunctive "and," courts have held that any one of the instances justifies noncompli-ance with the knock and announce rule. *See Days, supra* .

location at the front door. *See Days,* 718 A.2d at 802 (providing that it would have been pointless for police to knock where occupant already knew of their existence, identity, and purpose).

¶ 11 Furthermore, the officer repeated his announcement at least one more time and allowed for the reasonable opportunity for peaceful surrender of the house. Such reasonable opportunity expired seconds later when the officers witnessed a deliberate disregard of their presence take the form of both a refusal to answer the door and a hasty retreat to obscure parts of the home. At that point, it was reasonable for the officers to enter, secure a home known to contain guns, and then execute the search warrant. The manner of execution deprived Appellant of no right.

¶ 12 Therefore, we hold that the trial court did not err in refusing to suppress evidence obtained from the search of Appellant's residence. Judgment of sentence affirmed.

¶ 13 Affirmed.