J-S05011-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONTE TAYLOR, | : | |
| | : | |
| Appellant | : | No. 85 WDA 2014 |

Appeal from the PCRA Order December 5, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0018805-2006

BEFORE:  DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　　**FILED FEBRUARY 18, 2015**

Appellant, Donte Taylor ("Taylor"), appeals from the order entered on December 5, 2013 by the Court of Common Pleas, Allegheny County, denying his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").[1]  For the reasons set forth herein, we affirm the PCRA court's order.

A prior panel of this Court provided the following summary of the facts and procedural history:

> On July 2, 2006, Detective Edward Fallert, Detective Mark Goob, and Sergeant Jason Snyder of the Pittsburgh Police were patrolling Creswell Street, in Pittsburgh, in an unmarked car and in an undercover capacity. At approximately 12:27 a.m., they observed [Taylor] and another man sitting alone on a wall; [Taylor] was holding a potato chip bag. (Notes of testimony, 2/24–25/10 at 110.) As the

---

[1]  42 Pa.C.S.A. §§ 9541-46.

officers approached, [Taylor] crumpled the bag and put it down to his side. [Taylor] then tossed the bag onto the ground. (*Id.* at 112.) At this point, the officers, having viewed what just transpired, got out of their vehicle and identified themselves as police officers.

Detective Fallert testified that based on his training and experience, he was aware that drug dealers sometimes conceal drugs in potato chip bags or iced tea cartons. (*Id.* at 18.) They typically hide them at a nearby location and retrieve them when they need to make a sale. Detective Fallert picked up the potato chip bag and discovered that it contained 68 bags of crack cocaine and 55 bags of heroin. (*Id.* at 21, 38.) The chip bag also contained a bag of rice which, Detective Fallert explained, is commonly used to absorb water to prevent heroin from getting wet. (*Id.* at 22.) According to Detective Fallert, the packaging of the drugs was consistent with drugs that are packaged for sale. (*Id.* at 42–43.) Thus, based on his training and experience, he believed the potato chip bag contained something illegal based on "[t]he way [Taylor] acted with it." (*Id.* at 19.) At this point, [Taylor] was placed under arrest. (*Id.* at 23.) A search of [Taylor's] person revealed $127 and a cell phone; no paraphernalia was recovered. (*Id.* at 24.) The Commonwealth also presented the expert testimony of Detective Anthony Scarpine. Detective Scarpine testified that a hypothetical set of facts, identical to those recited above, led him to conclude that the drugs were packaged and possessed with intent to sell them. (*Id.* at 150, 152–153, 159.)

[Taylor] testified at trial and stated that Ernest Turner [("Turner")] handed him the potato chip bag as they were sitting on the wall. (*Id.* at 165–166.) [Taylor] looked inside the bag and observed the drugs. (*Id.* at 166.) [Taylor] explained that he did not want the bag and only held it for a few seconds before the police apprehended him. (*Id.* at 166–

168.) [Taylor] averred that he did not intend to take the drugs or to sell the drugs.

Thereafter, [Taylor] was convicted of the aforementioned charges. On May 19, 2010, [Taylor] was sentenced to a term of imprisonment of not less than three nor more than six years for the conviction of possession with intent to deliver heroin, and a consecutive sentence of five to ten years' imprisonment for the conviction of intent to deliver cocaine; the simple possession convictions merged for sentencing purposes. Post-sentence motions were filed on June 1, 2010 and denied by the trial court on July 8, 2010. This appeal followed, and the trial court issued on [sic] opinion on January 19, 2011.

*Commonwealth v. Taylor*, 33 A.3d 1283, 1284-85 (Pa. Super. 2011).

Finding no basis upon which to reverse, this Court affirmed Taylor's judgment of sentence. *Id*. at 1289. On January 18, 2012, Taylor filed a petition for allowance of appeal to our Supreme Court, which denied the petition on June 14, 2012.

On March 8, 2013, Taylor filed a *pro se* petition for relief pursuant to the PCRA and a memorandum in support thereof. The PCRA court appointed Christopher Urbano ("Attorney Urbano") as counsel to assist Taylor with filing an amended PCRA petition. On June 28, 2013, Attorney Urbano filed a "no-merit" letter and petition to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). The PCRA court held a hearing on December 5, 2013. At the conclusion of the hearing, the PCRA court granted Attorney Urbano's motion for leave to withdraw and denied Taylor's

- 3 -

PCRA petition. Taylor filed a timely notice of appeal and concise statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure to this Court on January 8, 2014.[2]

On appeal, Taylor raises the following issues for our review:

> (1) Did the PCRA court commit reversible error in denying [Taylor] PCRA relief on clear claims of trial counsel's ineffective assistance during pre-trial and trial[]?
>
> (2) Did the PCRA court commit reversible error in not finding PCRA counsel rendered ineffective assistance for failing to present appellant's claim of discretionary aspects of sentence grounded on new case law that overruled prior commonwealth case?

Taylor's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)), *appeal denied*, 42 A.3d 1059 (Pa.

---

[2] We note that Taylor's notice of appeal was not docketed until January 8, 2014, and therefore, would appear to be untimely. However, "the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011) (citing *Commonwealth v. Jones*, 700 A.2d 423, 425 (Pa. 1997)). In this case, Taylor's appeal is dated December 27, 2013 and the envelope in which Taylor mailed his appeal to the Allegheny County clerk of courts is postmarked December 31, 2013. Accordingly, we conclude that Taylor delivered his appeal on December 31, 2013, which complies with the timeliness requirement.

2012). A PCRA petitioner must establish the claim by a preponderance of the evidence. **Commonwealth v. Gibson**, 925 A.2d 167, 169 (Pa. 2007).

For his first issue on appeal, Taylor alleges that trial counsel, Giuseppe Rosselli ("Attorney Rosselli") provided ineffective assistance. To this end, Taylor presents three sub-issues for our review: whether Attorney Rosselli (1) failed "to conduct meaningful pre-trial investigation into co-defendant [] Turner's willingness to accept full responsibility for the sole possession of the [d]rugs"; (2) inadequately prepared Taylor to testify at the suppression hearing; and (3) provided ineffective assistance by stipulating to the use of the testimony at the suppression hearing for use at trial. **Id.** at 7-13.[3]

"Our longstanding test for ineffective assistance of counsel derives from the standard set by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668 (1984)." **Commonwealth v. Clark**, 961 A.2d 80, 85 (Pa. 2008). The test for ineffective assistance of counsel requires the petitioner to meet a three-prong test: (1) underlying the petitioner's allegation of ineffectiveness, there is a claim of arguable merit; (2) petitioner's counsel had no reasonable strategic basis for proceeding as he did; and (3) the petitioner was prejudiced by counsel's ineffectiveness. **Id.**

---

[3] Taylor also states in his brief that Attorney Rosselli provided ineffective assistance by failing to file a motion in limine to exclude the drugs from use at trial and by failing to conduct a colloquy to ensure that he knew the benefits of a jury trial. Taylor's Brief at 10-12. We observe, however, that Taylor raises these issues for the first time on appeal, and therefore, the issues are waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Failure to meet any one of the three prongs is fatal to petitioner's claim of ineffectiveness. *Id.*

First, Taylor argues that Attorney Rosselli failed to conduct a meaningful investigation into Turner's willingness to accept full responsibility for possessing the drugs. *Id.* at 7. The PCRA court determined that Attorney Rosselli did not render ineffective assistance of counsel because he could not ethically contact Turner without contacting his counsel first, he determined that Turner would not be a beneficial witness because Taylor would still be liable under the concept of constructive possession, and he did not have knowledge that Turner was willing to testify on behalf of the defense. PCRA Court Opinion, 7/19/14, at 5. The PCRA court further concluded that the outcome of the trial would not have changed if Turner had testified because "the evidence was clearly sufficient to convict [Taylor]." *Id.* at 5-6.

After reviewing the record, we conclude that the record supports the PCRA court's conclusion that Attorney Rosselli did not render ineffective assistance. In reaching our conclusion, we find the third prong of the *Strickland* test to be dispositive.

> To satisfy the prejudice prong of [the *Strickland*] test when raising a claim of ineffectiveness for the failure to call a potential witness at trial, our Supreme Court has instructed that the PCRA petitioner must establish that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have

- 6 -

known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Wantz*, 84 A.3d 324, 331 (Pa. Super. 2014) (citing *Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012)).

In this case, Taylor failed to establish that Turner was available or willing to testify for the defense. Taylor did not call Turner to testify at the PCRA hearing to establish that Turner would have testified on behalf of the defense at Taylor's trial. Moreover, Taylor failed to provide the PCRA court with an affidavit from Turner indicating that he would have testified at Taylor's trial. This Court has held that "we will not grant relief based on an allegation that a certain witness may have testified in the absence of an affidavit to show that the witness would, in fact, testify[.]" *Commonwealth v. Hall*, 867 A.2d 619, 631 (Pa. Super. 2005) (quoting *Commonwealth v. Days*, 718 A.2d 797, 803 (Pa. Super. 1998)). Accordingly, we conclude that Taylor failed to prove that Turner was willing to testify, and consequently, failed to satisfy the prejudice prong of the *Strickland* test.[4]

Next, Taylor argues that Attorney Rosselli provided ineffective assistance by inadequately preparing him to testify at the suppression

---

[4] Although the basis of our decision differs from that of the PCRA court, "if the court's decision is correct, we can affirm on any ground." *Commonwealth v. Price*, 876 A.2d 988, 994 (Pa. Super. 2005) (quoting *Commonwealth v. Miller*, 787 A.2d 1036, 1038 (Pa. Super. 2001), *appeal denied*, 798 A.2d 1288 (Pa. 2002)).

hearing. Taylor's Brief at 11. Taylor states that he "was not prepared for the questioning of the District Attorney who elicited information that made it appear that [he] was in possession of the [c]ontrolled substances and allowed for the improper inference to be made[.]" *Id.*

At the PCRA hearing, Attorney Rosselli testified that he personally prepared Taylor for trial and believed that he was prepared. N.T., 12/5/13, at 13. The PCRA court determined that Attorney Rosselli "credibly testified that he, indeed, prepared [Taylor] to testify at the suppression hearing." It is well established that "[t]he Commonwealth and this Court are bound by the preliminary credibility determinations of the PCRA court." *Commonwealth v. Stewart*, 84 A.3d 701, 711 (Pa. Super. 2013). Thus, absent any evidence establishing the contrary to be true, we conclude that the record supports the PCRA court's conclusion that Attorney Rosselli adequately prepared Taylor for trial.

Third, Taylor contends that Attorney Rosselli erred by stipulating to the use of the testimony at the suppression hearing for use at trial. Taylor's Brief at 12. Taylor states that Attorney Rosselli's stipulation "caused unfair prejudice to [] Taylor as he was unable to confront and cross examine [Turner] … about the statements made to [p]olice and utilized in the [t]rial against [] Taylor." *Id.* at 12-13.

At the PCRA hearing, Attorney Rosselli testified that he stipulated to the use of the testimony of the detectives from the suppression hearing at

trial because the suppression hearing was held on the same day as the non-jury trial. N.T., 12/5/13, at 15. Attorney Rosselli stated that "[b]ecause it was a non-jury trial[,] I felt most of the testimony, if not all of it, would have just been repetitive." *Id.* at 13. Attorney Rosselli provided that he did not see any need to recall the police officers that testified during the suppression hearing because he "believe[d] the testimony from the suppression hearing covered everything that [he] wanted to address on cross examination." *Id.* at 14. Finally, Attorney Rosselli stated that it was his "common practice to stipulate to the Commonwealth's testimony from a suppression hearing when [he proceeded] non-jury[.]" *Id.* at 16.

The PCRA court concluded that stipulating to the use of testimony is a common practice and that "[t]he record is devoid of any prejudice to [Taylor]." PCRA Court Opinion, 7/19/14, at 7. We agree with the PCRA court that the stipulation did not prejudice Taylor. Attorney Rosselli had the opportunity to cross-examine the police officers during the suppression hearing. *See* N.T., 2/24/10, at 26-40, 52-64, 70-73. Moreover, Taylor's claim that "he was unable to confront and cross examine [Turner] … about the statements made to [p]olice and utilized in the [t]rial against [] Taylor[,]" is without merit, as we previously determined that he failed to establish that Turner was willing to testify. We therefore conclude that Taylor has not established prejudice sufficient to satisfy the *Strickland* test

for ineffective assistance of counsel. Accordingly, we discern no abuse of discretion. Taylor is not entitled to relief on his first issue on appeal.

For his second issue on appeal, Taylor claims that Attorney Urbano provided ineffective assistance "for failing to raise the claim of [] Taylor's mandatory minimum sentence being unconstitutional, illegal and void[.]" Taylor's Brief at 14. Specifically, Taylor asserts that his Sixth Amendment right "to have a jury determine any aggravating or mitigating circumstance that would change the penalty that can be imposed upon him by statute" was violated by the trial court's imposition of a mandatory minimum sentence. *Id.* at 16. In support of his assertion, Taylor relies upon the United States Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2004), and *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Taylor argues that consistent with these decisions, his counsel provided ineffective assistance by failing to challenge the constitutionality of his sentence, and furthermore, that his sentence should be vacated.

In *Apprendi*, the United States Supreme Court concluded that "[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Apprendi*, 530 U.S. at 490. The Court extended its rationale in *Apprendi* to its decision in *Alleyne*, holding that "*Apprendi*'s definition of 'elements' necessarily includes not only facts that increase the ceiling, but also those that increase the floor." *Alleyne*, 133 S.Ct. at 2158.

The Court explained, "Both kinds of facts alter the prescribed range of sentences to which a defendant is exposed and do so in a manner that aggravates the punishment. Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." *Id.*

The PCRA court did not address the merits of this claim, finding the issue to be waived for failure to raise it in the lower court. PCRA Court Opinion, 7/19/14, at 7. A recent panel of this Court recently concluded, however, "that a challenge to a sentence premised upon *Alleyne* [] implicates the legality of the sentence and cannot be waived on appeal." *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*). Thus, we disagree with the PCRA court's determination that Taylor waived the issue on appeal.

After reviewing the record and applicable case law, we nevertheless conclude that Taylor is not entitled to relief under *Alleyne*. This Court recently determined that

> [e]ven assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. … This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court holds it to be retroactively applicable to those cases.

*Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (citations omitted).

In this case, Taylor's judgment of sentence became final on September 14, 2012, ninety days after our Supreme Court denied his petition for allowance of appeal.[5]  The Supreme Court did not issue its decision in *Alleyne* until June 17, 2013.  As provided by *Miller*, in order to retroactively apply the holding in *Alleyne* to Taylor's judgment of sentence, the United States Supreme Court or our Supreme Court must have held that the holding was retroactively applicable to cases on collateral review.  *Miller*, 102 A.2d at 995.  As neither supreme court has done so, we conclude that Taylor is not entitled to relief.  Taylor's second issue on appeal therefore fails.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015

---

[5] *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013) ("under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court.").