J-S32006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHAN A. RICHARDS | : | |
| | : | |
| Appellant | : | No. 2761 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 27, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003910-2021

BEFORE:  LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:            **FILED NOVEMBER 21, 2024**

Jonathan A. Richards appeals from the judgment of sentence, entered in the Court of Common Pleas of Lehigh County, following his conviction by a jury of one count each of homicide by motor vehicle while driving under the influence,[1] homicide by vehicle,[2] involuntary manslaughter,[3] two counts of driving under the influence of alcohol,[4] and related driving offenses. Following conviction, the court sentenced Richards to an aggregate term of imprisonment of six to fifteen years.  Richards filed a timely appeal, and both Richards and the trial court complied with Pa.R.A.P. 1925.  After our review,

_____

[1] 75 Pa.C.S.A. § 3735(a)(1)(i).

[2] *Id.* at § 3732(a).

[3] 18 Pa.C.S.A. § 2504(a).

[4] 75 Pa.C.S.A. § 3802(a)(1); *id.* at 3802(c).

we affirm based on the comprehensive opinions authored by the Honorable Anna-Kristie M. Marks.

The trial court thoroughly set forth the relevant factual and procedural history in its opinions, which we incorporate herein by reference. *See* Opinion on Motion to Suppress, 11/18/22 at 2-6; Pa.R.A.P. 1925(a) Opinion, 12/18/23, at 1-2.

On appeal, Richards raises two issues for our review:

1. Did the trial court err by denying [Richards'] motion to suppress his medical records and all evidence obtained thereafter because the four corners of the application for the search warrant did not establish probable cause?

2. Did the trial court err by precluding defense counsel from commenting on evidence during closing argument that had already been admitted by way of a stipulation between the parties?

Appellant's Brief, at 3.

Richards first argues the application for the initial warrant was overly broad and "failed to even specify that a crime was committed or that the evidence sought would be evidence relevant to the crime." *Id.* at 9. Richards contends, therefore, that the trial court erred by refusing to suppress all evidence seized as a result of that initial warrant application.

The initial search warrant application sought Richards' medical records because, as a result of Richards' head-on collision with another vehicle, the driver of that vehicle was killed and Richards was seriously injured and transported to Lehigh Valley Cedar Crest Hospital. Affiant Lieutenant Cory

Reader, an expert in accident reconstruction, who responded to the scene, believed the medical records would "help with determining if Richards was suffering from any preexisting medical condition that may be a contributing factor in causing the collision." Affidavit of Probable Cause, Commonwealth Exhibit 7, 1/25/21. The warrant was executed on January 27, 2021. The medical records indicated that, during his emergency room treatment, Richards' blood tested positive for ethanol and amphetamines. Lieutenant Reader then applied for a second search warrant, to analyze a blood sample to determine blood alcohol content and concentration of controlled substances and/or prescription medications. A third search warrant application was made for Richards' Jeep Wrangler to determine the cause or contributing factors of the collision.

When reviewing suppression decisions, our standard of review is limited.

> When reviewing an order denying a motion to suppress evidence, we must determine whether the evidence of record supports the factual findings of the trial court. In making this determination, this Court may only consider the Commonwealth's evidence and the defendant's evidence that remains uncontradicted. We view the Commonwealth's evidence, not as a layperson, but through the eyes of a trained police officer. We do not review the evidence piecemeal, but consider the totality of the circumstances in assessing whether probable cause existed. Additionally, it is exclusively within the province of the trial court to determine the credibility of the witnesses and the weight to be accorded their testimony. If the evidence supports the findings of the trial court, those findings bind us and we may reverse only if the suppression court drew erroneous legal conclusions from the evidence.

*Commonwealth v. Gallagher*, 896 A.2d 583, 584-85 (Pa. Super. 2006) (quotation omitted). "It is within the suppression court's sole province as

factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Id.* at 585 (citation omitted).

Richards argues the affidavit in support of probable cause for the first warrant did not establish probable cause because a warrant must specifically list the things to be seized. *See* Appellant's Brief, at 14. Richards contends that the first search warrant here, seeking Richards' medical records during his post-collision treatment, was a request for "overly broad `exploratory rummaging.'" *Id.* at 12-13. Richards also contends the application neither averred a crime was committed, or that evidence of a crime would be uncovered by executing the search and seizure. *Id.* at 14. *See* Pa.R.Crim.P. 206(5) (contents of application for search warrant shall "specify or describe the crime which has been or is being committed").

The trial court concluded the affidavit attached to the application for the search warrant "set forth sufficient probable cause for the issuance of a search warrant." Opinion on Motion to Suppress, *supra* at 6. We agree.

"Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." *Commonwealth v. Leed*, 186 A.3d 405, 413 (Pa. 2018) (citation omitted). "Probable cause is based on a finding of probability and does not require a *prima facie* showing of criminal activity." *Commonwealth v. Huntington*, 924 A.2d 1252, 1256 (Pa. Super. 2007) (citation omitted). "[T]he police need not rule out all other possibilities

- 4 -

in establishing probable cause for the issuance of a search warrant."

***Commonwealth v. Rapak***, 138 A.3d 666, 672-73 (Pa. Super. 2016) (citation

omitted).

> As the Pennsylvania Supreme Court has stated:

> The task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... [concluding]" that probable cause existed.

***Commonwealth v. Housman***, 986 A.2d 822, 843 (Pa. 2009) (citation

omitted). Moreover, in engaging in our review we are mindful that

> [t]he Supreme Court of the United States has instructed "that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review." Indeed, a magistrate's probable cause determination should receive deference from the reviewing courts. In keeping with the Fourth Amendment's strong preference for warrants, "courts should not invalidate ... warrants by interpreting affidavits in a hyper[-]technical, rather than a commonsense, manner."

***Leed***, 186 A.3d at 413 (citation omitted).

Following our review of the record, the trial court's opinions, and the

arguments on appeal, we discern no basis to conclude the trial court erred in

denying Richards' motion to suppress. As the trial court noted, Lieutenant

Reader believed Richards' medical records contained evidence regarding "the

cause/contributing factor of the serious motor vehicle accident that occurred

in Upper Macungie Township and thus the medical records would further the

ongoing investigation." Opinion on Motion to Suppress, *supra* at 8, citing

Affidavit of Probable Cause, 1/25/21. Further, the request was not overly

broad, but, rather, was limited to Richards' medical records as it pertained to

this incident, from January 17, 2021, through Richards' date of discharge. *Id.*

Although the crimes of homicide by motor vehicle or driving under the

influence were not specified, reading the application in a "common sense, non-

technical manner[,]" *see Commonwealth v. Dean*, 693 A.2d 1360, 1365

(Pa. Super. 1997), it can fairly be implied that the medical records at issue

would provide information critical to the fatal accident investigation. We,

therefore, agree with the trial court's determination that the factual averments

set forth in the affidavit were sufficient to establish probable cause. *See*

Opinion on Pretrial Motions, *supra* at 9.

Next, Richards argues that the trial court erred by precluding defense

counsel from reading, during closing argument, portions of the medical

records that had been admitted at trial. *See* Appellant's Brief, at 9. In

particular, Richards wished to read to the jury those portions of the medical

record that pertained to his admission and discharge diagnoses. The trial

court reasoned that the diagnoses constituted inadmissible opinion testimony,

because no medical experts testified during trial. We find no error or abuse

of discretion. *See* Pa.R.A.P. 1925(a) Opinion, *supra* at 3 ("Medical records

are admissible under the hearsay rules as evidence of facts contained therein

but not as evidence of medical opinion or diagnosis. [] Medical diagnoses or

opinions entail a conclusion concerning a condition that is not visible, 'but

reflected circumstantially by the existence of other visible and known symptoms.' [] As no formal conclusions were rendered by any medical expert during the trial, this [c]ourt properly precluded defense counsel from reading medical conclusions into the record."). ***See also Commonwealth v. Hemingway***, 534 A.2d 1104, 1108 (Pa. Super. 1987) (hospital records admissible to show fact of hospitalization, treatment prescribed, and symptoms given, but opinions, diagnoses, and conclusions contained therein not admissible).

We rely on Judge Marks' opinions to affirm Richards' judgment of sentence. We direct the parties to attach a copy of those opinions in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/21/2024

Filed
11/18/2022 9:18 AM
Clerk of Judicial Records
Lehigh County, PA

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
                                        )
        vs.                         )      Case No. 3910/2021
                                          )
JONATHAN RICHARDS, )
      Defendant                  )

* * * * * * * *

APPEARANCES:

                RICHARD DIRECTOR, ESQUIRE,
                SENIOR DEPUTY DISTRICT ATTORNEY,
                    On behalf of the Commonwealth

                JANET JACKSON, ESQUIRE,
                    On behalf of Defendant

* * * * * * * *

### OPINION

ANNA-KRISTIE M. MARKS, J.

Defendant, Jonathan Richards, has been charged in the above-captioned matter with two (2) counts of Homicide by Vehicle While Driving under the Influence,[1] Involuntary Manslaughter,[2] two (2) counts of Driving under the Influence of Alcohol,[3] and related driving offenses.[4] Presently before this Court is Defendant's Omnibus Pretrial Motion in the nature of a Motion to Suppress Evidence Seized Pursuant to Search

---

[1]      75 Pa. C.S.A. § 3735(a)(1)(i).
[2]      18 Pa. C.S.A. § 2504(a).
[3]      75 Pa. C.S.A. § 3802(a)(1); 75 Pa. C.S.A. § 3802(c).
[4]      75 Pa. C.S.A. § 3714(b) Careless Driving; 75 Pa. C.S.A. § 3309(a) Disregarding Traffic
Lane; 75 Pa. C.S.A. § 1371(a) Vehicle Registration Suspended; and 75 Pa. C.S.A. § 3736(a)

Warrants, Motion to Quash,[5] and a Motion for Discovery.[6] At the hearing, the Commonwealth presented the testimony of Lieutenant Cory Reader of the Upper Macungie Township Police Department. The Defendant did not present any evidence on his own behalf. Based on the testimony of this Commonwealth witness and the record evidence, we make the following findings of fact.

## FINDINGS OF FACT

1. On January 17, 2021, at approximately 4:40 A.M., members of the Upper Macungie Township Police Department responded to a serious motor vehicle collision on Hamilton Boulevard at the intersection of Farmington Road/Independent Road, Allentown, Lehigh County, Pennsylvania. (C. Ex. 2); (C. Ex. 3); (C. Ex. 4); (C. Ex. 5). Upon arrival, the officers found a two (2) vehicle collision involving a Jeep Wrangler and a Nissan Versa. (C. Ex. 2); (C. Ex. 3); (C. Ex. 4); (C. Ex. 5). The driver and sole occupant of the Nissan Versa, Wadnor Jean Louis, was deceased in his vehicle as a result of the collision. The driver and sole occupant of the Jeep Wrangler, Defendant Jonathan Richards, was seriously injured in the accident and was transported to Lehigh Valley Hospital, Cedar Crest campus.

2. Lieutenant Cory Reader of the Upper Macungie Township Police Department, and an expert in accident reconstruction, responded on scene to initiate an

---

Reckless Driving.

[5] At the hearing conducted on October 31, 2022, it was represented to this Court that the Motion to Quash was resolved by agreement and consequently will not be addressed herein.

[6] At the status conference conducted on September 19, 2022, the attorney for the Commonwealth represented to this Court that he has complied with the Defendant's outstanding discovery requests. In addition, the Defendant agreed that all requested discovery had been provided.

2

investigation into the accident. (C. Ex. 1). On scene, a point of impact was located in the southbound travel lane of Hamilton Boulevard. (C. Ex. 2). Vehicle damage indicated that the vehicles had struck nearly head on in the southbound lane before separating and coming to final rest. (C. Ex. 2); (C. Ex. 3); (C. Ex. 4); (C. Ex. 5). Video surveillance from a nearby business confirmed that the Jeep Wrangler was traveling northbound in the southbound lane on Hamilton Boulevard when it struck the Nissan Versa in the southbound lane near the intersection with Farmington Road/Independent Road. (C. Ex. 6).

3. A Search Warrant Application for the Defendant's medical records relating to the motor vehicle collision was submitted by Lieutenant Reader of the Upper Macungie Township Police Department to Magisterial District Justice Michael Pochron on January 25, 2021. (C. Ex. 7).

4. Magisterial District Justice Pochron issued the Search Warrant on January 27, 2021 at 10:00 A.M. based on the information supplied by Lieutenant Reader and set forth in the Affidavit of Probable Cause. (C. Ex. 7). The Affidavit of Probable Cause upon which the Search Warrant was issued reads:

> Your Affiant is a sworn Police Officer with the Upper Macungie Township Police Department, having legal jurisdiction within the County of Lehigh and the Township of Upper Macungie. The location of the 01/17/2021 motor vehicle collision, referenced by incident number UM-210117-000423, occurred within Upper Macungie Township, Lehigh County, PA. Your Affiant has been employed as a Police Officer for 19 years, and has received training and certification as an Accident Reconstructionist.
>
> On 01/17/2021, the Upper Macungie Township Police

3

Department responded to a serious motor vehicle collision on State Route 222 at Farmington Road in the township. The collision involved a silver in color Jeep Wrangler bearing PA registration JNK2348, owned and operated by Jonathan RICHARDS of 2600 Belmont Ave West Lawn, PA 19609. The vehicle operated by RICHARDS was travelling north in the southbound lane of Route 222 when it struck another vehicle head on resulting in the other driver being killed in the collision. This driving action was captured on video surveillance from a local roadside business. RICHARDS sustained serious injuries in the collision.

RICHARDS was transported to Lehigh Valley Cedar Crest Hospital for treatment of his injuries, and has not yet been released from the Hospital's care at the time of this writing.

Your Affiant knows that Lehigh Valley Cedar Crest Hospital records any and all medical procedures and findings in medical records that they maintain as a regular course of their treatment of individuals in their care. These records are maintained by the Medical Records Department at Lehigh Valley Cedar Crest Hospital at 1200 South Cedar Crest Boulevard Allentown, PA 18105.

Your Affiant believes the medical records for Jonathan RICHARDS, as related to this collision and held by the Lehigh Valley Cedar Crest Hospital, will help with determining if RICHARDS was suffering from any preexisting medical condition that may be a contributing factor in causing the collision. This information is considered a critical part of the investigation.

4

Based on the information received so far, the investigation conducted, and your affiant's training and experience, your Affiant believes probable cuase [sic] exists to support the issuance of a search warrant for RICHARDS' medical records held by Lehigh Valley Hospital Cedar Crest, as related to this incident, specifically for the dates of 01/17/2021 through his date of release from the Hospital, or the date this warrant is served if still under the care of the Hospital at that time, for the purposes of assisting in this investigation.

(C. Ex. 7).

5. The Search Warrant was executed on January 27, 2021 at 1:00 P.M. (C. Ex. 7). Contained within those medical records were entries indicating that the Defendant's blood tested positive for ethanol and amphetamines during his initial treatment in the emergency room. Additionally within the medical records were statements made by the Defendant that he had taken Adderall and "blue 30s" in the past, which based on Lieutenant Reader's training and experience relates to 30 mg of Oxycodone pills.

6. Consequently, Lieutenant Reader applied for a second Search Warrant on February 10, 2021 to seize a legal blood sample drawn by Lehigh Valley Hospital Cedar Crest from the Defendant on January 17, 2021 (the date of the motor vehicle collision) in the Emergency Department. (C. Ex. 8). The purpose of this request was to analyze the blood sample to determine the blood alcohol content and concentration of controlled substances and/or prescription medications therein. (C. Ex. 8). Magisterial District Justice Michael D. D'Amore approved the Search Warrant on February 24, 2021 at 12:25 P.M. based on the information supplied by Lieutenant Reader and set forth in the Affidavit of

5

Probable Cause. (C. Ex. 8).

7. A third Search Warrant Application for the Defendant's Jeep Wrangler was submitted by Lieutenant Reader of the Upper Macungie Township Police Department to Magisterial District Justice Michael Faulkner on February 11, 2021, in order to inspect the vehicle to determine the cause/contributing factor of the motor vehicle collision. (C. Ex. 9). Within the Affidavit of Probable Cause, Lieutenant Reader references the contents of the Defendant's medical records, which was the subject of the initial Search Warrant submitted January 25, 2021. (C. Ex. 9). Magisterial District Justice Faulkner issued the Search Warrant on February 11, 2021 at 3:00 P.M. (C. Ex. 9).

CONCLUSIONS OF LAW

1. The Affidavit of Probable Cause attached to the application for the Search Warrant submitted on January 25, 2021 set forth sufficient probable cause for the issuance of a search warrant.

2. The Search Warrant submitted on January 25, 2021 seeking the Defendant's medical records was not overbroad.

3. The physical evidence obtained by the police was not seized in violation of Article 1, Section 8 of the Pennsylvania Constitution nor the Fourth Amendment of the United States Constitution.

4. The Search Warrants submitted on February 10, 2021 and February 11, 2021 were not the "fruits from the poisonous tree," as the Search Warrant relating to the Defendant's medical records was supported by probable cause and was not overbroad. The physical evidence obtained by the authorities relating to these

6

Search Warrants was not seized in violation of Article 1, Section 8 of the Pennsylvania Constitution nor the Fourth Amendment of the United States Constitution.

## DISCUSSION

The Defendant is alleging that the Affidavit of Probable Cause filed in support of the initial Search Warrant was insufficient to establish probable cause for the search of the Defendant's medical records. The legal principles applicable to a review of the sufficiency of Probable Cause Affidavits are well-settled:

> Before an issuing authority[7] may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The standard for evaluating a search warrant is a "totality of the circumstances" test as set forth in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and adopted in Commonwealth v. Gray, 509 Pa. 476, 503 A.2d 921 (1985). A magistrate is to make a "practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."[8] The information offered to establish probable cause must be viewed in a common sense, non-technical manner. Probable cause is based on a finding of the probability, not a prima facie showing of criminal activity, and deference is to be accorded a magistrate's finding of probable cause.[9] Commonwealth v. Dean, 693 A.2d 1360, 1365 (Pa. Super. 1997).

Commonwealth v. Ryerson, 817 A.2d 510, 513-514 (Pa. Super. 2003). In determining whether the warrant is supported by probable cause, the magistrate may not consider any evidence outside the four-corners of the affidavit. Commonwealth v. Jones, 484 A.2d 1383 (Pa. 1984); Commonwealth v. Smith, 784 A.2d 182, 185 (Pa. Super. 2001);

---

[7] *See* Pa. R.Crim.P. 200 (footnote added).

[8] *See also* Commonwealth v. Glass, 754 A.2d 655 (Pa. 2000) (footnote added).

7

Commonwealth v. Sharp, 453 Pa. Super. 349, 683 A.2d 1219, 1223 (1996). *See also* Pa. R.Crim.P. 203(B) ("No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits."); *See also* Pa. R.Crim.P. 203(D) (At a hearing on a motion for the return or suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (B).").

In the within matter, the Affidavit of Probable Cause filed in support of the January 25, 2021 Search Warrant was prepared by Lieutenant Reader of the Upper Macungie Township Police Department. The Affidavit of Probable Cause averred that Lieutenant Reader believed that the Defendant's medical records contained evidence regarding the cause/contributing factor of the serious motor vehicle accident that occurred in Upper Macungie Township and thus the medical records would further the ongoing investigation. Additionally, Lieutenant Reader set reasonable temporal parameters within his request and did not seek *all* of the Defendant's medical records held by Lehigh Valley Hospital Cedar Crest. Instead, Lieutenant Reader limited his request to those medical records as they related to this incident, specifically for the dates of 01/17/2021 through the Defendant's date of release from Lehigh Valley Hospital. Lieutenant Reader, a police officer for 19 years who received training and certification as an Accident Reconstructionist, believed that the Search Warrant for the Defendant's medical records was necessary for the

---

[9]     *See also* Commonwealth v. Davis, 718 A.2d 797 (Pa. Super. 1998) (footnote added).

8

furtherance of the case. The standards of practicality and common sense that guide issuing authorities require the conclusion in this instance that the Defendant's medical records would have information as to a preexisting illness or condition that would elucidate the events of the motor vehicle crash on January 17, 2021. Therefore, we find that the factual averments set forth in the Affidavit of Probable Cause were sufficient to establish probable cause and to sustain the issuance of the Search Warrant. Thus, the Defendant's challenge to the Probable Cause Affidavit supporting the Search Warrant of the Defendant's medical records is void of merit. As such, the Defendant's assertion that the Search Warrants submitted on February 10, 2021 and February 11, 2021 were the "fruits from the poisonous tree" must also fail, as the Search Warrant relating to the Defendant's medical records was supported by probable cause and was not overbroad.

Based on the foregoing, the Defendant's Omnibus Pretrial Motion is denied.